Levi L. Cook vs. Frank Slocum and another.

April 27, 1881.

**Local Improvement—Widening and Straightening a Street.**—Widening and straightening a street in a city is a local improvement within the meaning of section 1, art. 9, of the constitution.

**Same—Determination that Benefits Equal Cost.**—In ordering such an improvement to be made, under sections 9 and 10, subc. 10, of the charter of the city of Minneapolis, Sp. Laws 1878, c. 25, the common council substantially determine that the benefits which will accrue to property locally affected by the improvement will equal the cost of paying for the lands taken or injured by it.

**Same—Order to Ascertain Damages and Assess Benefits.**—And its direction to the commissioners appointed, to ascertain the amount of such damages and compensation, and to assess the amount thereof upon the property to be benefited thereby, is equivalent to directing them to ascertain all the lands which will be locally benefited by the improvement, and to apportion the amount upon them, in proportion to the benefits received by each.

**Same—Report of Commissioners—All Property Benefited Assessed.**—The report of the commissioners in such case, stating the amount of damage and compensation as to each piece of land taken or injured, and that they "then assessed the amount of such compensation and damages, so awarded, upon the land and property benefited by such proposed improvement, assessing the same upon the several parcels in proportion to the benefits which each parcel will receive from such improvement, conformably to the rules laid down in said city charter in that behalf, and that schedule B, hereto attached and made a part of this report, is our assessment list," shows that they assessed the benefits on all the property benefited.

**Same—Benefit—Vacating Portion of Street.**—Where, in straightening a street, land on one side is released from the public servitude, that is a benefit to the tract of land to which the land so released belongs, which may be considered by the commissioners in assessing benefits upon such tract. The report, in such case, where part only of a tract is to be taken, and the damage for taking such part is reported, need not state that, in estimating the damage, the commissioners took into consideration the benefits to the part of the tract not taken.

Plaintiff, being owner of lot 1, block 29, in Snyder & Co.'s addition to Minneapolis, which had been assessed for widening and straightening Nicollet avenue in that city, brought.

this action in the district court for Hennepin county against the defendant Slocum, as county treasurer, and against the city, to have the assessment declared void, and to restrain the sale of the lot. The defendants demurred to the complaint. The demurrer was overruled, and they answered, and plaintiff demurred to the answer. This demurrer was sustained by *Young, J.*, and the defendants appealed.

*R. C. Benton* and *W. E. Hale*, for appellants.

*Atwater & Atwater*, for respondents.

The assessment was void, there being no finding or determination that the land assessed was benefited to the amount of the assessment. Const. art. 9, § 1; *Rogers* v. *City of St. Paul*, 22 Minn. 494; Cooley on Taxation, *c.* 20, §§ 1, 4 and 5.; *City of Chicago* v. *Larned*, 34 Ill. 203; *Lee* v. *Ruggles*, 62 Ill. 427; *Warren* v. *Grand Haven*, 30 Mich. 24; *Passaic* v. *State*, 37 N. J. Law, 538; *State* v. *Passaic*, Id. 137; *State* v. *Paterson*, Id. 380.

The assessment was made on an erroneous principle, and was therefore void. *In re William*, etc., 19 Wend. 678; *State* v. *Elizabeth*, 37 N. J. Law, 330; *Matter of N. Y. Prot. Episcopal Public School*, 75 N. Y. 324; Cooley on Taxation, *c.* 20. The report fails to show that all lands benefited were assessed. *State* v. *Essex Public Road Board*, 37 N. J. Law, 273; *Hassen* v. *City of Rochester*, 65 N. Y. 516; *Weller* v. *City of St. Paul*, 5 Minn. 70, (95;) *State* v. *Town of Bergen*, 29 N. J. Law, 266.

CORNELL, J. By article 9, section 1, of the constitution, it is provided "that the legislature may, by general law or special act, authorize municipal corporations to levy assessments for local improvements upon the property fronting upon such improvements, or upon the property to be benefited by such improvements, without regard to a cash valuation, and in such manner as the legislature may prescribe." Within the meaning of this clause of the constitution, widening and straightening part of a public street in a particular locality in a city is a local improvement, and, under the

authority thus expressly reserved to the legislature, it is competent for it to confer upon a municipal corporation the requisite power to make any such improvement, to take and appropriate whatever land may be necessary therefor, to ascertain the damages occasioned thereby, to assess and apportion the amount thereof upon such land in the vicinity as may be benefited by it, and to prescribe the manner in which it shall be done. In prescribing the manner, it may authorize the common council of a city to create a special tribunal or commission to ascertain, upon a view of the premises and other evidence, the amount of damages caused by the improvement for land taken or injured, and also to determine what land in the vicinity will be benefited, and to assess and apportion the amount of such damages upon the property so to be benefited proportionately in accordance with the benefits received. It is also competent for it to provide that the judgment of the tribunal so created shall be final, in the absence of any fraud or mistake, in respect to all questions as to what property will be benefited by the improvement, and as to the benefits received by each parcel. *Rogers* v. *City of St. Paul*, 22 Minn. 494; *Carpenter* v. *City of St. Paul*, 23 Minn. 232; Cooley on Taxation, *c.* 20, pp. 416, 417, 420, 421, and 448 to 451.

The charter of the city of Minneapolis, under which the proceedings herein were had, (Sp. Laws 1878, *c.* 25, *subc.* 10, § 9,) among other things, authorizes the common council, (page 227,). "in its discretion, to lay out and open new streets, lanes and alleys in said city, and to widen, straighten, or extend any street now existing or which may hereafter exist, and to purchase or condemn for such purposes any real estate or interest therein which is private property; * * * to provide for the payment of the value of such property as may be taken, and damages done to private property by means of any such improvements, * * * by assessing, levying and collecting the expense of the same by special assessment upon the property to be benefited by such improvements, in

each case in proportion to benefits, and without regard to a cash valuation."

The mode of exercising this authority, and the various steps to be taken in exercising it, are particularly specified in section 10, which provides for a vote of the council directing the improvement, a plat and survey of the same by the city engineer, filing it with the city clerk after its approval and adoption by the council, so as to show correctly the character, course and extent of the improvement agreed upon and ordered, together with the property necessary to be taken or interfered with, and the names of the owners, so far as known, and for the appointment of five commissioners "to view the premises, and to ascertain and award the amount of damages and compensation to be paid to the owners of property which is to be taken or injured by the improvement, and to assess the amount of such damages and compensation * * * upon the lands and property to be benefited by such improvement, in proportion to the benefits to be received by each parcel, and without regard to a cash valuation." These commissioners, after qualifying in the manner provided, and giving the requisite notices as prescribed, are to meet at a time and place designated, for the purpose of giving interested parties an opportunity to be heard and to give evidence; and they are required to "view the property proposed to be taken or interfered with for the purpose of such improvement, and ascertain and award therefor compensation and damages, and view the premises to be benefited by such improvement, and assess thereon, in proportion to benefits, the amount necessary to pay such compensation and damages," and, upon such view being had and evidence given, they are to make "a true and impartial appraisement and award of the compensation and damages to be paid to each person whose property is to be taken or injured. * * * The said commissioners shall then assess the amount of such compensation and damages so awarded upon such land and property benefited by such proposed improvement; * * * as-

sessing the same upon the several parcels, in proportion to the benefit which each parcel will receive from such improvement, and deducting therefrom any damages or injury to the same parcels which is less than the benefits, and assessing only the excess." Upon the making of this award and assessment, the same is to be reported to the common council, who may, upon a notice of at least two weeks, annul or confirm the same. In case it is confirmed, the award and assessment are declared to be final and conclusive upon all parties interested, except as otherwise provided in the charter, and the council thereupon proceeds to levy the assessments in accordance with the confirmation, and in the manner therein directed.

Upon the undisputed facts disclosed by the pleadings herein, the proceedings that resulted in the assessments complained of were not only in substantial, but in strict compliance with the provisions of the charter, and if the assessments are invalid at all, it is clearly owing to some defect in the charter, and not to any defect or irregularity in the proceedings under it. It is objected that the statute in this case contains no provision for a finding, by any one, that lands can be found which will be benefited by any improvement of this character to the amount of damages that may be awarded for it, and that the report of the commissioners in this case shows no finding that the lands which were assessed were benefited to the amount of the assessment, or that they embraced all the lands benefited by the improvement, and, therefore, the assessment is void because not shown to rest upon the principle which underlies all special assessments, and which supposes that the property so assessed will be enhanced in value on account of the improvement to an amount equal to the burden imposed. These objections are not, in our opinion, sustained by any fair and reasonable construction of the statute, or of the report of the commissioners. The delegation to the common council, in cases of

this kind, of an authority to condemn property necessary to be taken for the improvement, and to assess, through a tribunal of its appointment, the damages therefor upon property specially benefited thereby, is a distinct legislative declaration of the local character of the improvement, and that the lands in the locality thus specially affected by it may be sufficiently enhanced in value to compensate for the burden of sustaining the whole expense. Whether, in point of fact, this is actually true in every or any particular case, is not a question for the judiciary to determine, it being conceded that the improvement is one of a character contemplated by the legislature. Cooley on Taxation, 428, 429.

In the exercise of the discretion and authority given to it, the common council in this case, in ordering the improvement to be made in accordance with the plat and survey of its city engineer, and at the expense of property especially benefited thereby, substantially determined that the benefits which would accrue to property locally affected by the improvement would equal the cost of paying for the lands taken for or injured by it, and its direction to the commissioners to ascertain the amount of such damages and compensation, and to assess the amount thereof proportionally upon the property to be benefited thereby, was equivalent to directing them to ascertain all the lands which would be locally benefited by the improvement, and to apportion the amount upon them in proportion to the benefits received by each. The report of the commissioners states the amount of damage and compensation awarded as to each parcel of land taken or injured, and that they "then assessed the amount of such compensation and damages so awarded upon the land and property benefited by such proposed improvement, assessing the same upon the several parcels in proportion to the benefits which each parcel will receive from such improvement, conformably to the rules laid down in said city charter in that behalf, and that schedule B, hereto attached and made a part of this

report, is our assessment list." If, as stated, they assessed the amount upon the land and property benefited, it was upon all the land and property which was so benefited, and no other presumption can fairly be drawn from the report.

In straightening the street in question, that part of it lying next to and adjoining lot 1, block 29, Snyder & Co.'s first addition, was necessarily vacated. It is admitted by the pleadings that the part thus vacated constituted a portion of said lot 1, the fee of which belonged to the plaintiff. The effect of the change and vacation, therefore, was to relieve from the servitude of a public easement that part of plaintiff's lot which had theretofore been occupied for a street, and to restore to him the absolute control and unrestricted enjoyment of his entire property, for all purposes. This was a benefit to the lot which it was competent for the commissioners to consider, in determining the amount of benefits accruing to it by reason of the improvement. The fact that the city also quitclaimed to plaintiff the same premises thus vacated is of no importance, as it conveyed nothing in addition to what was released by the act of vacation.

In reporting an appraisement and award of compensation and damages in respect to a tract of land, where only a part is taken, the statute does not require a statement in the report whether the commissioners took into consideration the question of benefits to that part of the tract not taken, in arriving at the amount of their award, and an omission in this regard is not fatal to the award.

The property which was taken in this case, and for which the compensation was awarded that constituted the basis of the special assessment, is indicated in the report with sufficient certainty to avoid any misapprehension as to the particular property intended, and to satisfy the requirements of the statute. Whether, under section 11, a right of appeal is given from an assessment, claimed to be irregular or invalid, by an aggrieved party, need not be decided, inasmuch as, upon the facts disclosed by the pleadings in this case, the

proceedings herein were authorized and regular, and hence no ground exists for the relief sought.

. The demurrer to the answer was improperly sustained, and the decision of the court thereon is reversed.