SALLIE H. WALTERS AND JOHN H. WALTERS, *Appellants*, v. CITY OF TAMPA, A MUNICIPAL CORPORATION, AND W. L. HARWELL, *Appellees*.

## Division B.

### Opinion Filed August 2, 1924.

1. It may be regarded as definitely settled that the Legislature of a State may create, or authorize the creation of, special taxing districts and charge the cost of a local improvement, in whole or in part, upon the property in such districts or according to valuation of superficial area, or frontage, without violating the Fourteenth Amendment to the Federal Constitution; and that the whole expense of paving or improving a street or highway may be assessed by a municipality pursuant to statutory authority upon the lands abutting the street or highway so improved in proportion to the feet frontage of such lands without providing for a judicial inquiry into the value of such lands and the benefits actually to accrue to them by the proposed improvement.

2. The term, "local improvements" is employed as signifying improvements made in a particular locality, by which the real property adjoining or near such locality is specially benefited. "Local improvements" or terms synonymous, are

more commonly applied to the grading, curbing and paving of streets than to any other class of improvements.

3. The term, "local improvements" under proper restrictions may extend to the installation of electric lights, sewers, water works, widening and sprinkling streets. Ewart v. Village of Western Springs, 180 Ill. 318, 54 N. E. Rep. 478; Ryder's Estate v. City of Alton, 175 Ill. 94, 51 N. E. Rep. 821; Smith v. City of Seattle, 25 Wash. 300, 65 Pac. Rep. 612; Cook v. Slocum, 27 Minn., 509, 8 N. W. Rep. 755.

An Appeal from the Circuit Court for Hillsborough County, L. L. Parks, Judge.

Decree affirmed.

*D. C. McMullen* and *James B. Gibson, Jr.,* for Appellants;

*Hilton S. Hampton,* for Appellees.

TERRELL, J.—Sallie H. Walters joined by her husband John A. Walters, brought suit against the City of Tampa seeking to restrain the "repaving, regrading and widening" of a certain portion of Seventh Avenue in said city, and for the purpose of cancelling the contract therefor, the grounds of such action being that Chapter 9298, Acts of 1923, Laws of Florida, under which said repaving, regrading and widening is proposed to be done is void and inoperative.

The first ground of attack on Chapter 9298 is that it attempts to authorize a municipality to take property without due process of law, and denies to owners of property in municipalities in this State equal protection of the law, contrary to the Fourteeenth Amendment to the Constitution of the United States in that it provides for

the assessment of the costs of local improvements on the basis of front footage, or by the front foot rule.

This ground of attack is without merit, and so conclusively settled contrary to the contention of appellants in the concluding paragraph of Section 1436, page 2524, Vol. 4, Dillon on Municipal Corporations that we do not feel that we can do better than to quote the rule as prescribed by this eminent author, as follows: "As a *result of the decisions of the United States Supreme Court,* it may be regarded as definitely settled that the Legislature of a State may create, or authorize the creation of, special taxing districts and charge the cost of a local improvement, in whole or in part, upon the property in such districts or according to valuation or superficial area, or frontage, without violating the Fourteenth Amendment to the Federal Constitution; and that the whole expense of paving or improving a street or highway may be assessed by a municipality pursuant to statutory authority upon the lands abutting upon the street or highway so improved in proportion to the feet frontage of such lands without providing for a judicial inquiry into the value of such lands and the benefits actually to accrue to them by the proposed improvement." 5 McQuillan on Municipal Corporations, Sec. 2089; French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 Sup. Ct. Rep. 625; Anderson v. City of Ocala, 67 Fla. 204, 64 South. Rep. 775.

There is no charge here that the assessment complained of exceeds the benefits to appellants' lots, that it is out of proportion to similar assessments for like purposes in the same vicinity, or that it is in any other respect unjust or inequitable.

The contention that said Chapter 9298, Acts of 1923, is invalid because the property owner has no voice in initiating the improvements for which the assessment is

made, or in determining their necessity, is equally without merit. Hetrick v. Village of Lindsey, Ohio. Advance opinions Supreme Court of United States, (No. 17), July 1st, 1924, p. 653.

It is next contended that the Act in question is violative of Section 16 of Article 3 of the Constitution, because the subject matter embraced in Sections 1, 10 and 11 thereof is not properly expressed in the title.

The title of Chapter 9298, Acts of 1923, is as follows:

"An Act providing a Supplemental, Additional and Alternative Method of Making Local Improvements in Cities, Towns, and Municipal Corporations, Authorizing and Providing for Special Assessments for the Cost Thereof, and Authorizing the Issuance and Sale of Bonds of such Municipalities in Connection with said Local Improvements, said Bonds to be General Obligations of the Municipalities."

Section 1 of said Chapter 9298 in effect provides that any city, town or municipal corporation in this State may by its governing authority provide for the construction, leveling, repair, paving, repaving, hard surfacing and re-hard-surfacing of streeets, boulevards and sidewalks, and for the payment of all or any part of the expense or cost of such improvement by levying and collecting special assessments on the abutting, adjoining, contiguous or other specially benefitted property.

Section 10 of said Chapter 9298 in effect provides for the payment of each annual installment of the special assessments on any local improvement authorized under the Act, defines the manner in which such installments may be enforced, including the payment of the cost of such enforcement in the event payment is not made as directed, and prescribes the method of service of process on unknown or non-resident defendants.

Section 11 of said Chapter 9298 in effect provides for the issue, the method or conditions of issue and sale, the amount, and makes provision for funds to pay the interest and principal of the bonds of any municipality that elects to issue bonds for the purposes of the Act, all such bonds being excluded from any limitation of bonded indebtedness imposed in the charter of the municipality issuing them.

The objection here raised is disposed of by the answer to the following question: What may be contemplated under the term ''local improvements'' as used in the title of the Act. In Rogers v. City of St. Paul, 22 Minn. 494, text 507, the term is defined as follows: ''By common usage, especially as evidenced by the practice of courts. and text-writers, the term 'local improvements' is employed as signifying improvements made in a particular locality by which the real property adjoining or near such locality is specially benefitted. 'Local Improvements' or terms synonymous, are more commonly applied to the grading, curbing and paving of streets than to any other class of improvements.'' Crane v. City of Siloam Springs, 67 Ark. 30, 55 S. W. Rep. 955, 957; Wilson v. Board of Trustees of Sanitary Dist. of Chicago, 133, Ill., 443, 27 N. E. Rep. 203, 208.

The term ''local improvements'' under proper restrictions may extend to the installation of electric lights, sewers, water works, widening and sprinkling streets. Ewart v. Village of Western Springs, 180 Ill. 318, 54 N. E. Rep. 478; Ryder's Estate v. City of Alton, 175 Ill., 94, 51 N. E. Rep. 821; Smith v. City of Seattle, 25 Wash. 300, 65 Pac. Rep. 612; Cook v. Slocum, 27 Minn. 509, 8 N. W. Rep. 755.

In the light of the foregoing decisions we see nothing in Sections 1, 10 and 11 of the Act here challenged that

is not expressed or may not by fair intendment be covered in the title, and this is sufficient. Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150.

It is next contended that Chapter 9298, Acts of 1923, is invalid because the Journal of the Senate does not show that as passed it was signed by the presiding officer of the Senate as required by Section 17 of Article 3 of the Constitution. Inspection of the enrolled bill shows that it was in fact signed by the presiding officer of the Senate. If this was a vital objection on such a showing it would be without merit.

All other assignments of error have been examined carefully and we do not think any of them are well grounded. The Act challenged provides a full, complete and valid method of making local improvements in cities, towns and municipal corporations in this State, and since by its terms it is "Supplemental, additional and alternative," it may be construed and executed in connection with any other valid act to effect its purpose.

The decree of the Chancellor is, therefore, affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.