D. F. SMOAK, ET AL., *Appellants*, v. CITY OF PUNTA GORDA, *Appellee*.

Division B.

Opinion filed October 18, 1930.

D. C. *McMullen* and *Ralph C. Binford*, for Appellants;

W. W. *Sinclair*, for Appellee.

PER CURIAM.—The City of Punta Gorda filed its bill of complaint against D. F. Smoak, et al., to foreclose alleged liens for certain special assessments against certain lots within the city limits of the corporation. There were alleged to be two assessments against each parcel of land described in the bill. One was alleged to have been made for grading, paving, curbing and storm drainage on certain named streets and the other assessment was for installing and laying a sanitary sewer. Both improvements were

located on and in streets upon which the two lots abutted. Blakely was made party defendant as receiver of the First National Bank of Punta Gorda because it was alleged that the Bank held a mortgage on one of the lots.

Decree *pro confesso* was entered against all defendants and thereafter a final decree was entered.

After the entry of the final decree, Blakely filed motion to vacate the decree *pro confesso* and the final decree.

Decree *pro confesso* was entered on the 2nd day of September, 1929. Final decree was entered on the 9th day of September, 1929. Motion for order vacating decree *pro confesso* and final decree was filed on October 4th, 1929. Such motion was denied. Appeal was taken from the final decree and from the order overruling the motion to vacate decree *pro confesso* and the final decree.

In Strickland et al. v. Jewell, 80 Fla. 221, 85 So. R. 670, this Court say:

"The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will be exercised according to the circumstances of each case, but it should never be set aside when it is in consequence of defendant's own negligence, and the exercise of this discretion will not be interfered with by the appellate court unless there has been a gross abuse of that discretion."

The final decree herein should be affirmed on authority of the opinion and judgment in the cases of Walters v. City of Tampa, 88 Fla. 177, 101 So. R. 227, and Abell v. Town of Boynton, 95 Fla. 984, 117 So. R. 507, and it is so ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.