EMRY DAVIS, in his own behalf and for the use and benefit of other abutting property owners, *Appellant*, vs. CITY OF CLEARWATER, a municipal corporation, et al., *Appellees*.

139 So. 825.

Division B.

Opinion filed January 12, 1932.

44

*Thomas Hamilton* and *Kelly & Shaw,* of Clearwater, for Appellant;

*Jones & White,* of Clearwater, for Appellees.

DAVIS, J.—This is an appeal from a final decree denying relief to certain property owners of Clearwater who contested the validity of certain paving assessments which had been made by that city. The relief sought was an injunction to restrain the municipality from instituting any proceedings for the enforcement of certificates of indebt-

edness issued by the municipality against the property of complainants for public improvements made upon a public street designated as Fort Harrison Avenue, abutting the property of complainants. It was also sought to have the certificates which had been issued cancelled and declared to be void.

The record shows that the decree was entered after a final hearing on bill, answer and testimony. Previous to this a demurrer to the second amended bill of complaint as amended was overruled. By this bill it was specifically set up and alleged that notwithstanding the objections raised and involved in the suit at the time it was first filed on the 25th day of May, 1927, that the Legislature at its 1927 session had enacted Chapter 12608, Special Acts, Laws of Florida, the title of which is as follows:

"AN ACT To Validate, Legalize, Approve and Confirm Proceedings Taken for the Levying of Assessments Against the Abutting Property in the City of Clearwater, Pinellas County, Florida, for the Construction of Street Paving, Storm and Sanitary Sewers, Widening and Re-paving of Certain Streets and Other Improvements; and to Validate, Legalize, Approve and Confirm Ordinances and Resolutions Providing for the Same and all Other Acts and Proceedings Taken by the City Commission of Said City and of the Officers and Agents of the Said City for and on Behalf of Same in Connection With the Levying of Said Assessments; and to Validate, Legalize, Approve and Confirm the Issuance and Sale of Improvement Bonds Heretofore Issued Against Said Assessments; and to Authorize, Approve and Confirm the Issuance and Sale of Other Supplementary Bonds which Said City has Heretofore Been Authorized to Issue in Respect of Said Improvements."

This Act the amended bill sought to have declared unconstitutional and insufficient for the purpose for which it was passed, which was to legislatively validate what the City of Clearwater had previously done in regard to pav-

ing and making assessments for paving on Fort Harrison Avenue and other streets, all of which are named in detail in the law.

Regardless of the merit of the original objections which were raised by the complainants in this case, we are of the opinion that the decree for the defendant city must be affirmed on the authority of the validating Act just referred to.

That Act, while passed after the present suit was brought and while it was pending, nevertheless falls within the ruling made by this court in regard to a similar Act in Charlotte Harbor & Northern Ry. Co. v. Welles, 78 Fla. 227, 82 Sou. Rep. 770, 260 U. S. 8, 43 Sup. Ct. 3, 67 L. Ed. 100, where the Court said:

"Appellant filed a bill to enjoin the maintenance of a special road and bridge district, known as 'Charlotte Harbor Special Road and Bridge District' overlapping the boundaries of a formerly created special road and bridge district, upon the theory that at the time of the creation of the special road and bridge district the county commissioners, under Chapter 6208, Laws of Florida, Acts of 1911, had no authority to create a district overlapping the boundaries of another such special road and bridge district. A demurrer to the bill was sustained by the chancellor, and the bill dismissed. After the case reached this court on appeal the legislature passed Chapter 7750, Laws of Florida, of the extraordinary session of 1918, empowering the county commissioners of the several counties of the State to create special road and bridge districts in "territory embraced wholly or in part in one or more special road and bridge districts," and validating the Acts of the county commissioners in establishing special road and bridge districts in 'territory embraced wholly or in part in one or more special road and bridge districts,' this Act being retroactive in effect as well as prospective. And later, in the regular session of 1919, the legislature passed Chapter 8024, which is a special Act validating the creation of the 'Charlotte Harbor Special Road and

Bridge District,' and legalizing the assessments made for the construction of roads and bridges therein. Under these circumstances, it is entirely useless for this court to enter into any discussion of the questions involved in the demurrer to the bill of complaint, or to determine whether the chancellor was correct in his ruling on the demurrer and dismissing the bill, for since that order was made conditions have changed on account of the legislation just mentioned, and 'in consequence of such legislation, the complainant has no standing in court or right to any relief by reason of the matters complained of in said bill.' "

In this case the validating Act in question names all of the streets on which improvements were made by the City of Clearwater prior to its enactment, including Fort Harrison Avenue. It also recites that assessment liens had been previously entered by the city under statutory authority to raise funds with which to pay for the improvements and the municipal bonds issued in connection therewith. It specifically provides in Section 1 thereof that "all proceedings taken by the said City of Clearwater, Florida, by the officers and agents of the said city for and on behalf of said city in connection with the said street improvements *or with the levying of assessments against the abutting property benefited by said improvements or the issuance of bonds thereon,* be and the same are hereby validated, legalized, ratified, approved and confirmed, and that the assessments provided for therein are validated, legalized, approved and confirmed." It became a law on May 25th, 1927, the date it was approved by the Governor.

At the time this Act was enacted, the Legislature is presumed to have known the exact steps that had been taken and the exact amount of assessments that had been made by the City of Clearwater for the improvements referred to, and is presumed, with knowledge of such facts, to have legalized, validated, ratified and confirmed what had been done, in the way it had been done by the officials

and agents of the city. So if there had been omitted or neglected, as alleged in the original and amended bills of complaint herein, *statutory* procedural requirements of previous laws governing the city, the passage of the 1927 Act which *ratified* what had been done, notwithstanding such omissions or neglects, is sufficient to cure deficiencies of that character. See Hendricks v. Town of Green Cove Springs, filed at this term.

Thus, by the enactment of the validating Act, we have had eliminated from this case all alleged irregularities in the procedure which had been followed up to the making of the assessments, including the entry of the assessments themselves and the amounts for which they were severally entered.

The only other question which can be raised is that notwithstanding the validating Act, the assessments entered are void. To reach such a conclusion, we would have to hold that the validating Act is unconstitutional, either on its face, or because to give effect to it, would produce an unconstitutional result in the particular case at bar as applied to the facts here.

Assuming that by the assessments made, there has been taxed the *entire* cost of the improvement against the property as a whole abutting on the street improved, this fact alone would not render the *statute* invalid on its face, because this court has upheld the validity of statutes in the past which have assessed the *whole* cost against the property benefited, on the theory that a street improvement necessarily results in some benefit to the abutting property which is sufficient to justify a special assessment against each special parcel so long as the assessment made is *in proportion to* the special benefit to that parcel. Carr v. Kissimmee, 80 Fla. 754, 86 Sou. Rep. 701; Walters v. Tampa, 88 Fla. 177, 101 Sou. Rep. 227; A. C. L. R. R. Co. v. Gainesville, 83 Fla. 275, 91 Sou. Rep. 118; 29 A. L. R. 668; Richardson v. Hardee, 85 Fla. 510, 96 Sou. Rep. 290.

See also Gast Realty & Inv. Co. v. Schneider Granite Co., 240 U. S. 55, 60 L. Ed. 523, 36 Sup. Ct. Rep. 54.

Such special assessments, when levied on property that actually abuts on an improved street are sustained by the courts when properly made under legislative authority, without regard to the question of whether or not a *particular* piece of property abutting thereon derives commensurate benefit from the improvement, on the theory that it *must be presumed* that abutting property is necessarily benefited to some degree by the improvements which give a peculiar benefit to it by reason of the property's location on an improved street located in a municipality whose general property values are also enhanced by each municipal improvement completed.

So, the only other requisite which is necessary to make a *particular* assessment constitutional, when otherwise valid, when it is made by legislative authority against property abutting on a street, for whose improvement the assessment is made, is that the assessment be properly *proportioned*. This must be done according to a fair and reasonable *rule* of apportionment of benefits.

That the rule adopted may be what is known as the front foot rule, or any other similar method which reasonably distributes the *burden* of the expense which has been incurred for the improvement has been upheld by this court. A. C. L. R. R. Co. v. Gainesville, 83 Fla. 275, 91 Sou. Rep. 118; 29 A. L. R. 668; Gast Realty & Invest. Co. v. Schneider Granite Co., 240 U. S. 55, 60 L. Ed. 523, 36 Sup. Ct. Rep. 54; A. C. L. R. R. Co. v. Lakeland, 94 Fla. 347, 115 Sou. Rep. 669.

And where the *determination* of this proportion of benefits is made directly by the Legislature, and not by administrative officers acting under authority delegated from the legislature, which latter contemplates notice and hearing before the assessment becomes final, the legislative determination made is conclusive,—both as to the fact of

benefit, and the proportionable amounts to each parcel,—unless the legislative Act making it can be shown to be arbitrary and an abuse of power under the principles laid down by this court in Consolidated Land Co. v. Tyler, 88 Fla. 14, 101 Sou. Rep. 280; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 Sou. Rep. 449; Hunter v. Owens, 80 Fla. 812, 86 Sou. Rep. 839; Bannerman v. Catts, 80 Fla. 170, 85 Sou. Rep. 336.

Furthermore, it is held that when the Legislature directly makes and spreads such an assessment itself, the legislative act cannot be declared unconstitutional on a mere preponderance of evidentiary consideration entering into the legislative declaration. An Act of the Legislature of this character must stand in every case where it is not clearly shown to be arbitrary or an abuse of power. Martin v. Dade Muck Land Co., 95 Fla. 530, 116 Sou. Rep. 449; Withnell v. Ruecking Const. Co., 249 U. S. 63, 63 L. Ed. 479, 39 Sup. Ct. Rep. 200.

And what is true of an original act making and spreading a tax or assessments for benefits ordered and made under public authority, is also true of a validating Act which merely ratifies, after an assessment is made, what the Legislature could have previously authorized in the first instance.

In the present case no showing is made either in the allegations of the bill, or by the voluminous testimony which has been taken, that the 1927 validating Act is arbitrary or an abuse of legislative power insofar as it validates the particular assessments here in controversy. See 32nd Headnote—Martin v. Dade Muck Land Co., *supra*.

Both the lawfulness and amounts of each assessment here involved have been conclusively fixed by the legislative determination evidenced by the validating Act, which Act must stand unless overthrown as an abuse of power or because it is of an arbitrary character.

There was no equity in the bill and none shown by the evidence, in view of the provisions of Chapter 12608, *supra,* to which we have referred. So the decree in favor of the City of Clearwater was right and should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD AND TERRELL, J.J., concur.

ELLIS AND BROWN, J.J., dissent.

BROWN, J. (dissenting).—It appears that the assessments here involved were for the widening and repaving of a considerable stretch of the principal through street of the City of Clearwater, and that the primary benefit was to the public and the benefit to the abutting property merely incidental. Therefore to require the abutting property to bear the total expense of the improvement amounted to an arbitrary and unwarranted servitude, which could not be imposed. Abell v. Boynton, 95 Fla. 984, 117 So. 507. The city had no constitutional authority to make such an assessment; nor did the legislature have any constitutional power to validate it, unless appellant had waived his constitutional right to object, was held in the Abell case. See also the 2nd, 27th and 28th headnotes to the case of City of Fort Myers v. State, 95 Fla. 704, 117 So. 97. The rule of estoppel invoked in Abell v. Boynton might apply here, were it not for section 15 of the charter act, chapter 10393 of the Acts of 1925, which gave the appellant thirty days from the date of confirmation of the assessment within which to contest ''the legality thereof by suit, motion, writ or special proceeding, in any manner questioning the legality of the said special assessment.'' The bill in this case was filed within such thirty-day period.

The validating act could not validate what the legislature could not have done or authorized to be done in the first instance. I do not see how, under the constitutional principles laid down in the Fort Myers and Boynton

cases, the legislature could have, by direct legislative act, imposed the entire cost of the improvement of such a main city street upon the abutting property, unless of course, it was done with the consent of the owners of such property. In the very nature of things, such an improvement is primarily a public benefit, and some equitable portion of the costs should be imposed upon the public, that is, upon the city as the representative of the public, and not burden the abutting property with the entire expense.

For these reasons I am inclined to the view that the decree of the court below should be reversed.

ELLIS, J., concurs.