CASPER HOWARTH, *et ux.,* v. CITY OF DELAND.
(Three Cases Consolidated, Nos. 2872, 3, 4.)

158 So. 294.
Opinion Filed December 20, 1934.

694

*Stewart & Stewart,* for Appellants;

*D. C. Hull,* for Appellee.

PER CURIAM.—Casper Howarth and Mary S. Howarth have prosecuted these three appeals from certain orders entered by the Circuit Court of Volusia County in favor of the appellee, City of DeLand, a municipal corporation. By agreement and upon motion granted by this Court, the three appeals have been consolidated for consideration and disposition by one opinion as if the same were only one case to be decided.

The orders appealed from (1) an order overruling (under the old practice then in effect) a general demurrer to com-

plainant's bill of complaint; (2) an order granting a motion by complainant to strike the defendant's answer in its entirety; (3) order entering decree *pro confesso* for want of an answer after the order had been entered striking the answer on file.

The City of DeLand filed its bill of complaint against the defendants in which it alleged that by Chapter 9735, Acts of 1923, Laws of Florida, it was enacted that the City of DeLand should pave certain streets, avenues and highways in said city, including the street on which the particular property involved was located. Under the plan proposed it was provided that one-third of the cost of such paving, including the cost of such reasonably necessary and incidental work as curbing, gutters, drainage facilities and the like, all engineering and inspection costs, and the costs of issuing certain bonds authorized by said chapter should be borne by the city, with the other two-thirds to be assessed against the abutting property owners.

Similar allegations concerning the construction of a system of sewerage and provisions for the payment of one-third of its cost by the city and two-thirds by the abutting property owners, as enacted by Chapter 9735, *supra,* are made. In subsequent paragraphs of the bill, other provisions of Chapter 9735 deemed pertinent by the complainant are described.

In the concluding paragraphs of the bill it was averred that the city paved the particular streets alluded to and constructed the system of sewerage and assessed the proper portion of the cost thereof, the amount being named, against certain described real estate, as it was authorized to do under Chapter 9735, and that such assessments are a lien on the land described for the amount assessed, together with interest, as given in Chapter 9735, as well as a reasonable attorney fees and costs.

It is alleged that the city at all times complied with the ordinances of said city and the laws of Florida; that all hearings were duly and regularly held; all notices duly and regularly given and published; and that the defendant, though requested several times so to do, has not paid the assessment against him, and that all things and times have elapsed necessary to entitle the city to enforce the liens mentioned. A reasonable attorney's fee and abstract costs incident to complainant's suit were sued for in the bill.

To each bill the defendants demurred, setting up, among other things, that Chapter 9735 was repealed by Chapter 11466, Acts of 1925 (Extraordinary Session), Laws of Florida; that Chapter 9735 is in violation of Section 16, Article III, Constitution of Florida; that it was also unconstitutional for other enumerated reasons, and that the bill was too vague, indefinite and uncertain in its terms.

The demurrer was overruled. Thereupon the defendants filed an answer, in which answer they again insisted on the repeal of Chapter 9735 by the subsequent enactment of Chapter 11466 and the unconstitutionality of Chapter 9735. The answer denied many of the allegations of the bills and averred that on advise of counsel the defendants were "denied permission" "to see the books and contracts connected with the paving and sewerage here concerned," and set forth also many general allegations such as that "the Mayor and City Commission wickedly and designedly and corruptly" "kept the contract from the records," spoke of "autocratic, illegal and unlawful expenditures of said money" and said that "the said City Commission of DeLand, instead of complying with the law, have been and are now a bunch of 'grafters' who had at city election marked more than two thousand ballots and stolen the city government from the people."

A motion to strike the entire answer was sustained, a decree *pro confesso* entered, and the defendants appealed.

The appellants urge as one ground for reversal that Chapter 9735, Acts of 1923, violates Section 16 of Article III of the Constitution of Florida. It is well settled, however, that the title of an Act need not embrace every detail of the legislation contained in it in order to meet the requirements of Section 16 of Article III of the State Constitution. All that is required is that the propositions embraced in an Act shall be fairly and naturally germane to that recited in the title. City of Jacksonville v. Basnett, 20 Fla. 525; Florida East Coast R. Co. v. Hazel, 43 Fla. 263, 31 Sou. Rep. 272, 99 Am. St. Rep. 114; State v. Bryan, 50 Fla. 293, 39 Sou. Rep. 929. Or, as expressed in other cases, "matters properly connected with the subject are not required to be expressed in the title." Van Pelt v. Hilliard, 75 Fla. 792, 78 Sou. Rep. 693; L. R. A. 1918E 639; Smith v. Chase, 91 Fla. 1044, 109 Sou. Rep. 94. If the title of an Act fairly gives notice of the subject of the Act, so as reasonably to lead to an inquiry into the body of the Bill it is all that is necessary. State v. Bryan, *supra;* Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 Sou. Rep. 874; Butler v. Perry, 67 Fla. 405, 66 Sou. Rep. 150 (affirmed 240 U. S. 328, 36 Sup. Ct. Rep. 258, 60 L. Ed. 672) ; *Ex Parte* Pricha, 70 Fla. 265, 70 Sou. Rep. 406; Hinely v. Wilson, 91 Fla. 815, 109 Sou. Rep. 468; *In Re:* DeWoody, 94 Fla. 96, 113 Sou. Rep. 677; Singleton v. Knott, 101 Fla. 1077, 133 Sou. Rep. 71.

The Legislature must be allowed a wide latitude in enacting laws as respects constitutional restrictions regarding title. State, *ex rel.* Oglesby v. Hands, 96 Fla. 799, 119 Sou. Rep. 376. Every reasonable doubt should be yielded in favor of the validity of a provision in a legislative Act as being properly connected or embraced in the title of the Act. Williams v. Dormany, 99 Fla. 496, 126 Sou. Rep. 117.

Only in a plain and obvious case will the Court nullify a statute as not being within the purpose and scope of the subject expressed in the title and matter properly connected therewith. Willams v. Dormany, *supra;* Jerome H. Sheip Co. v. Amos, 100 Fla. 863, 130 Sou. Rep. 699. And where the statute's title is by any reasonable intendment sufficiently broad to include the statute's provisions, or for them to be properly connected therewith, and is not misleading, such provisions will not be held inoperative. State v. Vestal, 81 Fla. 625, 88 Sou. Rep. 477.

An application of these general principles to Chapter 9735, Acts of 1923, leads to the conclusion that it is not unconstitutional for lack of compliance with the requirements of Section 16, Article III, of the State Constitution.

Appellants further contend that Chapter 9735 is unconstitutional as being a legislative encroachment upon the powers of the judiciary and that said Act is in the nature of a judicial decree or mandamus that in its terms required the City of DeLand to pave certain designated streets therein. But the lone case of Stewart v. Thursby, 103 Fla. 990, 138 Sou. Rep. 742, which is cited in support of such contention, does not support it, and appellants' argument in other particulars on this point is unimpressive.

The Act (Chapter 9375) provides that the City of De-Land *may* pave certain streets and that it *may* construct a system of sewerage and goes on to say that, if it does do so, the expense thereof shall be borne in a certain designated manner. It does not say that it *shall* or *must* do so. As used in the statute, the word "may" connotes authorization and not command; it permits but it does not compel; it allows but it does not constrain.. In effect, the Act says that the City of DeLand may, if it desires, do certain things, and that if it does so, that they must be done in a certain manner. It seems clear, therefore, from the very language

of the statute, that it cannot be said it amounts to a "legislative decree in the nature of a judicial mandamus," as appellant contends.

The power of the Legislature to authorize local improvements and to assess the abutting and presumptively benefited property for its proportional part of the cost as was provided for by Chapter 9735, Acts of 1923, has been recognized in many cases. See Davis v. City of Clearwater, 104 Fla. 42, 139 Sou. Rep. 825; Consolidated Land Co. v. Tyler, 88 Fla. 14, 101 Sou. Rep. 280; Hunter v. Owens, 80 Fla. 812, 86 Sou. Rep. 839; Martin v. Dade Muck Land Co., 95 Fla. 530. 116 Sou. Rep. 449; Bannerman v. Catts, 80 Fla. 170, 85 Sou. Rep. 336.

And Section 5 of Article IX of the Constitution which relates to taxation, does not apply to special assessments in the nature of taxation for local improvements. Lainhart v. Catts, 73 Fla. 735, 75 Sou. Rep. 47; Pinellas Park Drainage Dist. v. Kessler, 69 Fla. 558, 68 Sou. Rep. 668. Hence that section has no bearing on the questions argued here.

Subject to the foregoing argument, appellants also contend that Chapter 11466, Acts of 1925, repealed Chapter 9735, Acts of 1923, so as to prevent the imposition of any liens for sewer or paving installed subsequent to the passage of said Chapter 11466.

Chapter 11466 appears to be an Act abolishing the then existent municipal government of DeLand and establishing a new city government in its stead. By its terms it is expressly provided that "all taxes heretofore levied by the City of DeLand are hereby validated and confirmed." (Sec. 114.) There is absent in the bill, answer or other pleadings any showing that the improvements herein sued for had not been completed and the assessments levied under Chapter 9735 long prior to the time Chapter 11466 went into effect. That they may have been is to be inferred from

the fact that a period of nearly two and one-half years elapsed between the effective dates of the two Acts. In filing complaint the burden was on appellants to make it clearly to appear that the assessments in question were not levied before the effective date of Chapter 11466 in order to present the proposition that such assessments were not expressly validated and confirmed by it.

The two Acts, Chapter 9375, and Chapter 11466, are not in conflict and both might well be permitted to stand. It is provided in the 1923 Act (Chapter 9375) that it "shall be deemed to provide a supplemental, additional and alternative method of procedure for the benefit of said city." Bonds for the improvement dealt with in Chapter 9735 might be issued in accordance with the terms of that Chapter; bonds for other similar improvements might be issued under the provisions of the 1925 Act (Chapter 11466) and thus a legitimate and reasonable field of operation for both be found.

The courts, in construing a statute, must, if possible, avoid such construction as will place a particular statute in conflict with other apparently effective statutes covering the same general field. Curry v. Lehman, 55 Fla. 847, 47 Sou. Rep. 18. Acts in *pari materia* should be construed together. Curry v. Lehman, *supra;* State v. McMillan, 55 Fla. 246, 45 Sou. Rep. 882. And where the courts can, in construing two statutes, preserve the force of both without destroying their evident intent it is their duty to do so. State v. Givens, 48 Fla. 165, 37 Sou. Rep. 308; City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 Sou. Rep. 509. Chapter 11466, Acts of 1925, did not expressly call attention to and repeal Chapter 9735, Acts of 1923, and repeal by implication is not favored. Florida East Coast R. Co. v. Hazel, 43 Fla. 263, 31 Sou. Rep. 272.

In addition to all of the foregoing it appears that Chapter 15161 and 15169, Acts of 1931, Laws of Florida, were enacted after the passage of Chapter 11466, Acts of 1925, and that these chapters expressly purport to legalize, validate and confirm the improvements mentioned in, the special assessments levied in accordance with, and the action of the City Council, the Bond Trustees and Board of Public Works, the engineers, attorneys and other agents, officers and employees of the city done under the provisions of Chapter 9735, Acts of 1923, including the assessments sued on in this case.

The other questions raised by the appellants deal with the form and substance of the pleadings. Appellants insist that the bill of complaint is defective and that the Chancellor in the court below erred in overruling their general demurrer to it. Their contention is grounded on the fact that the bill fails to show the actual date the street improvements or sewerage improvements were first projected or completed or the actual date the lien proceedings were purported to have been done or completed.

In Section 13 of Chapter 9735 it is provided that if any assessment shall be in default for thirty days it may be enforced by bill in equity, and that in such case the bill shall "set forth briefly and succinctly the making of the assessment, the lien thereof, the amount thereof and the description of the property upon which such lien has been acquired, and shall contain a prayer that the owner shall pay the amount of said lien, or, in default thereof, that the said property shall be sold to satisfy the same." These conditions were substantially complied with in the challenged bills.

While it may have been that the happening or performance of all conditions precedent to the bringing of the suit could have been more clearly and definitely shown (See

Catts v. Tampa & J. R. Co., 75 Fla. 744, 79 Sou Rep. 168) and that the framework of the several bills might quite properly have been strengthened by the placing in them of averments of specific dates as to the completion of the paving and sewerage and the making and levying of the assessments, it is not apparent that there is no equity in the several bills in the form in which they stand. On the contrary, there was sufficient clearness, definiteness and certainty in their allegations to enable them to withstand the demurrers interposed. See Metcalf Co. v. Orange County, 56 Fla. 829, 47 Sou. Rep. 363; Dinkins v. Whiteside, 84 Fla. 81, 92 Sou. Rep. 688; Toomer v. Chancey, 92 Fla. 458, 109 Sou. Rep. 641; City of West Palm Beach v. Ryder, 73 Fla. 558, 74 Sou. Rep. 603, and Phifer v. Abbott, 73 Fla. 402, 74 Sou. Rep. 488.

The remaining question presented in the question as to whether or not the motion to strike the entire answer of the defendant was properly granted.

The defendant's answer is loosely constructed, but is apparently good as a substantial attempt to set up three main grounds of defense: (1) the unconstitutionality of Chapter 9735, (2) its repeal by, and lack of compliance with, the provisions of Chapter 11466, and (3) a denial that the making of the improvements, the levying of the assessments and other things alleged in the bill were done in compliance with Chapter 9735, Chapter 11466, or any of the laws of Florida.

The first two grounds had been previously passed on by the Chancellor in overruling the defendant's demurrer to the bill. The enactment into law of Chapters 15161 and 15169, Acts of 1931, prior to the date of the filing of the answer and of the date of the order of the Chancellor striking the answer, of which the Chancellor was bound to take judicial notice, expressly validating and ratifying the

acts and proceedings of the City Commission of DeLand and other officers, agents and employees of the city in making the improvements and levying the assessments placed beyond conjecture any possible question as to whether the third was sufficient to have caused the Chancellor to err in sustaining the motion to strike certain portions of the answer. See Davis v. City of Clearwater, 104 Fla. 42, 139 Sou. Rep. 825, for a clear discussion of the effect of such a validating Act.

The last order appealed from is the order granting complainant's motion for a decree *pro confesso*. The motion was granted because the court had already stricken defendant's answer in its entirety, and in awarding such decretal order the Chancellor recited that he did so because the defendants had made no application to file an amended answer, in consequence of which the defendants were in default for want of an answer.

But the defendants had already filed a general demurrer to the bill. The fact that this demurrer was overruled with privilege to answer, did not put the defendants in default for want of an answer, in the sense that a decree *pro confesso* thereby became authorized as for want of any defense whatsoever.

In cases where a general demurrer is interposed to a complainant's pleading and is overruled, whether it is done with or without leave to make further reply or to plead over as to the pleading demurred to, the decree or judgment that must be entered consequent thereon is required to be a final adjudication on the demurrer, not a decree or judgment against defendants by default as for want of any defense at all. See Cosmopolitan Fire Ins. Co. v. Boatright, 59 Fla. 232, 51 Sou. Rep. 540; Hower v. Lewton, 18 Fla. 328; Marsh v. Atlantic Coast Line R. Co., 76 Fla. 534, 80 Sou. Rep. 307.

The principle of the above cited authorities applies whether the case be one in equity or at law. Judgment should be on the demurrer in every case where the demurring party whose demurrer is overruled refuses to further plead, or his attempted further pleading is so stricken as to amount to an entire absence of further answer. So the Chancellor erred in entering a decree *pro confesso* after overruling the demurrer instead of setting the case for entry of a final decree on the demurrer in the event defendant failed to obtain leave to interpose a second or further answer in the cause.

The order overruling the demurrer to complainant's bill and the order striking defendants' answer to the bill should be affirmed and it is so ordered. The order granting the complainant's motion for entry of a decree *pro confesso* is, for the reasons pointed out in this opinion, reversed, and the cause thereupon remanded for further proceedings according to equity practice to be disposed of as may be according to law and justice.

Affirmed in part and reversed in part at the cost of appellee.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.