515 So.2d 1058 (1987)
CITY OF NAPLES AIRPORT AUTHORITY, Appellant,
v.
COLLIER DEVELOPMENT CORPORATION, a Florida Corporation, and Collier County, a Political Subdivision of the State of Florida, Appellees.
No. 87-1057.
District Court of Appeal of Florida, Second District.
November 25, 1987.
Robert H. Buesing of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
John K. Aurell, Ricky L. Polston of Aurell, Fons, Radey & Hinkle, Tallahassee, and Donald A. Pickworth of Asbell, Hains, Doyle & Pickworth, Naples, for appellee Collier Development Corp.
SCHOONOVER, Judge.
The City of Naples Airport Authority appeals a cost judgment awarding the appellee, Collier Development Corporation (CDC), costs in the amount of $39,497.96. We affirm.
This action arose out of the Collier County Commission's approval of three zoning changes requested by CDC. The airport authority, in an effort to have that decision reversed, filed an action against CDC in the circuit court seeking declaratory and injunctive relief. The trial court entered a final judgment approving the action of the *1059 county commission.[1] CDC's subsequent motion to tax costs pursuant to section 57.041, Florida Statutes (1985), was granted, and a cost judgment in the amount of $39,497.96 was entered. This timely appeal followed.
The airport authority does not contest the individual cost assessments but contends that section 57.111(4)(d)(2), Florida Statutes (1985), controls the disposition of this matter so that $15,000 is the maximum amount of costs that could be awarded to CDC.
CDC, on the other hand, contends that the airport authority is not a state agency and, therefore, section 57.111(4)(d)(2) does not apply. CDC also contends that section 57.111 provides an additional or alternative remedy to small businesses but does not limit a cost award entered pursuant to section 57.041. Since we agree with CDC's second contention, it is not necessary for us to decide whether the airport authority is a state agency or whether CDC qualifies as a small business party according to the provisions of section 57.111.
CDC, as the prevailing party in the trial court, sought to recover its costs pursuant to section 57.041. Prior to the enactment of section 57.111 in 1984, costs clearly could be taxed in favor of the party recovering a judgment against the state or one of its agencies. See Simpson v. Merrill, 234 So.2d 350 (Fla. 1970). CDC, accordingly, would have had the statutory right pursuant to section 57.041 to recover its costs without being subject to a statutory maximum even if the airport authority is a "state agency."
We disagree with the airport authority's contention that because the legislature enacted section 57.111 after the Simpson decision, the legislature was aware that the effect of the section would be to limit the award of costs when a state agency initiates an action. We conclude that rather than being intended to effect a limitation on cost awards, section 57.111 was designed to provide costs and/or attorney's fees in some situations where there were then no provisions for these awards. For instance, section 57.111 provides for costs and attorney's fees in actions that are purely administrative, whereas section 57.041 provides for costs in judicial actions only. See Allen United Enterprises v. Special Disability Fund, 288 So.2d 204 (Fla. 1974). Furthermore, although here CDC would have been entitled to recover costs against the airport authority prior to the enactment of section 57.111, it would have been able to recover attorney's fees only if it could have established that there was a complete absence of a justiciable issue of either law or fact raised by the airport authority. See § 57.105, Fla. Stat. (1985). On the other hand, if CDC qualified as a small business party under section 57.111, it would be entitled to limited attorney's fees and costs as the prevailing party unless the actions of the agency were substantially justified or special circumstances existed which would make the award unjust. See § 57.111(4)(a). Rather than establishing a limitation, we believe that the legislature intended to provide an alternative, and in some cases, an additional means for a small business to recover costs and attorney's fees when a state agency initiates an action against it. This construction of section 57.111 gives both statutory sections a field of operation and does not repeal or render section 57.041 ineffective. See Oldham v. Rooks, 361 So.2d 140 (Fla. 1978). This construction, furthermore, does not place section 57.111 in conflict with section 57.041 or section 57.105, or with other statutes covering the same general field. See Howarth v. City of De Land, 117 Fla. 692, 158 So. 294 (1934).
Finally, our interpretation of section 57.111 is supported by the legislative intent as expressed within the statute itself.[2] Section 57.111(1) provides that the section may be cited as the "Florida Equal Access to Justice Act." The title of a section is a *1060 direct statement by the legislature of its intent. State v. Webb, 398 So.2d 820 (Fla. 1981). This title, along with the legislature's statement of its findings and the expressed purpose of the enactment set forth in section 57.111(2),[3] together with the act's limited application, evidences the legislature's intention to provide at least a partial remedy for those too frequent situations where small businesses find opposing state agency action too expensive even when the state agency action may appear to be totally unjustified. There is no language in section 57.111 which directly indicates that the legislature intended for the section to operate to limit costs and attorney's fees to $15,000 in every case where the prevailing party is a "small business party." Neither do we find that intention implied since such a construction could have the effect of placing small business parties in a less advantageous position, not a more equal position, when it comes to defending themselves against state agency action.
In this case, CDC's costs exceeded $15,000. Since we hold that section 57.111 does not take away any rights a party has under section 57.041, CDC had the right to proceed as it did, and the court was correct in awarding the costs under section 57.041 without determining whether CDC qualified as a small business party or whether the airport authority was a state agency. We, accordingly, affirm.
Affirmed.
CAMPBELL, A.C.J., and HALL, J., concur.
NOTES
[1] The final judgment confirming the rezoning ordinances, entered prior to the final judgment awarding costs, was appealed separately, and our decision affirming that judgment is reported in City of Naples Airport Authority v. Collier Development Corp., 513 So.2d 247 (Fla. 2d DCA Sept. 30, 1987).
[2] While we believe the legislative intent of section 57.111 is clear on the face of the statute, its legislative history confirms our interpretation of the appropriate purpose and scope of section 57.111. See Senate Staff Analysis and Economic Impact Statements for Senate Bill No. 438 (Apr. 5, 1984, and May 2, 1984).
[3] Section 57.111(2), Florida Statutes (1985), provides:

The Legislature finds that certain persons may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense of civil actions and administrative proceedings. Because of the greater resources of the state, the standard for an award of attorney's fees and costs against the state should be different from the standard for an award against a private litigant. The purpose of this section is to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in certain situations an award of attorney's fees and costs against the state.