580 So.2d 278 (1991)
ANN & JAN RETIREMENT VILLA, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 90-1051.
District Court of Appeal of Florida, Fourth District.
May 15, 1991.
Joel Weissman and Claudia E. Hughes, Weissman & Chernay, P.A., West Palm Beach, for appellant.
*279 Janice M. Gammill, Asst. Dist. IX Legal Counsel, Dept. of Health and Rehabilitative Services, West Palm Beach, for appellee.
DELL, Judge.
Ann and Jan Retirement Villa, Inc., appeals from an order of the Department of Administrative Hearings which denied its claim for attorney's fees and costs pursuant to section 57.111, Florida Statutes (1990), also known as the Florida Equal Access to Justice Act. Appellant requested attorney's fees and costs for two distinct actions, a denial of a license renewal and allegations of medical neglect. We reverse.
Sophie DeRuiter owns all of the stock of Ann and Jan Retirement Villa, Inc. Appellee Department of Health and Rehabilitative Services ("HRS"), through its Office of Licensure and Certification ("OLC"), had issued a license to Sophie DeRuiter for the operation of the retirement villa, her solely owned adult congregate living facility. When Ms. DeRuiter applied for the annual renewal of that license, OLC, in compliance with Rule 10A-5.014, Florida Administrative Code, conducted a search through the Florida Protective services System Control Abuse Registry. The purpose of the registry is to apprise OLC of any existing abuse or neglect reports filed against license applicants during the previous year.
In Ms. DeRuiter's case, OLC's search disclosed the presence of a report filed during the previous year by the Aging and Adult Services Division of HRS. The report's presence indicated that presumably an investigation conducted by Aging and Adult Services led to its determination that Sophie DeRuiter had been a perpetrator of medical neglect. OLC then notified Ms. DeRuiter that the license could not be issued due to the abuse charges and informed her that she had a right to appeal that decision under section 120.57, Florida Statutes (1989).
Ann and Jan Retirement Villa, Inc., appealed the denial of Ms. DeRuiter's license renewal to the Division of Administrative Hearings ("DOAH"). HRS maintained below that due to the abuse report, Rule 10A-5.014(5)(a)(7)(c), prohibited OLC from reissuing Sophie DeRuiter a license to run her adult congregate living facility. HRS also maintained that since the Florida Abuse Registry listed Sophie DeRuiter individually, it could not renew the license for the corporation until Sophie DeRuiter could prove herself not guilty of the abuse charge. On December 7, 1988, HRS issued a letter denying amendment or expungement of the medical neglect report.
On August 14, 1989, in the DOAH proceeding, Ann and Jan Retirement Villa filed a motion for summary judgment on the issues of HRS's revocation of Sophie DeRuiter's license and the denial of the license renewal. Although the hearing on the motion was scheduled for September 8, 1989, on September 7, HRS filed a notice of dismissal. In February, 1990, DOAH conducted a hearing solely on the issue of appellant's entitlement under section 57.111, Florida Statutes (1990) to attorney's fees and costs incurred in the appeal of HRS's denial of the license. Appellant argued that the voluntary dismissal constituted an assent to the relief requested by Ann and Jan Retirement Villa.
The hearing officer denied appellant's attorney's fees and costs on three grounds. First, the hearing officer found that Ann and Jan Retirement Villa did not comply with Rule 22I-6.035, Florida Administrative Code, because it failed to attach "the documents on which the claim that the small business party prevailed was predicated." The record indicates, however, that at the commencement of the proceedings, the hearing officer took judicial notice of the entire court file which included HRS's Notice of Voluntary Dismissal of the charges against Sophie DeRuiter. Under these facts, we hold that the record shows substantial compliance with Rule 22I-6.035.
Next, the hearing officer found that HRS's denial of Sophie DeRuiter's license renewal (through its OLC agency) was "substantially justified" under section 57.111(4)(a). Section 57.111(3)(e) provides that such action is "substantially justified" *280 where there exists a reasonable basis in law and fact for the agency action at the time the agency initiates the action. We find no such evidence in the record. We do note, however, that OLC accepted without question the report on the abuse registry which resulted from only a cursory investigation by Aging and Adult Services. The record supports appellant's contention that upon conducting a more thorough investigation, HRS voluntarily dismissed the charges.
We cannot ignore the acts of the agency initially responsible for the report's presence in the abuse registry. The record shows that if Aging and Adult Services had conducted a reasonable investigation, the unsubstantiated report against Sophie DeRuiter would not have made its way into the abuse registry. The legislature, to protect small businesses from such action, enacted section 57.111 "to provide alternative, and in some cases, additional means for a small business to recover costs and attorney fees when a state agency initiates action against it ..." City of Naples Airport Authority v. Collier Development Corp., 515 So.2d 1058 (Fla. 2nd DCA 1987). The term "initiated by a state agency" means, in pertinent part, that the state agency, under section 57.111(3)(b)(3), "[w]as required by law or rule to advise a small business party of a clear point of entry after some recognizable event in the investigatory or other free-form proceeding of the agency." Moreover, section 400.414(2)(e), Florida Statutes, (1987), titled "Denial, revocation, or suspension of license; imposition of administrative fine; grounds," provides:
(2) Any of the following actions by a facility or its employee shall be grounds for action by the department against a licensee:
(e) A confirmed report of abuse, neglect, or exploitation, as defined in s. 415.102, which has been upheld following a chapter 120 hearing or a waiver of such proceedings where the perpetrator is an employee, volunteer, administrator, or owner ... and the administrator has not taken action to remove the perpetrator. A perpetrator may seek an exemption from disqualification through the procedures provided in s. 415.107(5)(b)... .
Here, the report of abuse, as entered in the abuse registry, was never substantiated, was not upheld following a chapter 120 hearing and, in fact, was abandoned when appellee dropped its objections to the license renewal. Accordingly, we hold that HRS failed to prove substantial justification for its actions under section 57.111(3)(e).
Finally, we disagree with the hearing officer's finding that appellant did not qualify as a small business party as defined by section 57.111. The record shows that Sophie DeRuiter and Ann and Jan Retirement Villa are one and the same entity. We note that the hearing officer at one point acknowledged that fact. Section 57.111(3)(d) states that "[t]he term "small business party" means:
1.a. A sole proprietor of an incorporated business, including a professional practice, whose principal office is in this state, who is domiciled in this state, and whose business or professional practice has, at the time the action is initiated by a state agency, not more than 25 full-time employees or a net worth of not more than $2 million, including both personal and business investments; or

b. A partnership or corporation, including a professional practice, which has its principal office in this state and has at the time the action is initiated by a state agency, not more than 25 full-time employees or a net worth of not more than $2 million;... ."
(emphasis supplied) The record shows that in August, 1988, Ms. DeRuiter employed approximately four (4) full-time employees and that during the time that she owned and operated Ann and Jan Retirement Villa, she never employed more than 25 full-time employees. The record also shows that the combined net worth of Ms. DeRuiter and the Ann and Jan Retirement Villa was less than two million dollars.
Section 57.111(3)(c) provides:
(c) A small business party is a "prevailing small business party" when:

*281 1... . .
2... . .
3. The state agency has sought a voluntary dismissal of its complaint.
HRS voluntarily dismissed its stated objections to Sophie DeRuiter's license renewal. Further, HRS's wrongful refusal to renew appellant's licence caused appellant to incur attorney's fees and costs in order to defend its right to continue to operate the business. Section 57.111(2) states:
The purpose of this section is to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in certain situations an award of attorney's fees and costs against the state.
Accordingly, we hold that the Division of Administrative Hearings erred when it denied appellant's claim for attorney's fees and costs as contemplated by section 57.111. We reverse the order on appeal and we remand this cause with instructions to enter an order awarding Ann and Jan Retirement Villa, Inc., reasonable attorney's fees and costs pursuant to section 57.111, Florida Statutes (1990).
ANSTEAD and GUNTHER, JJ., concur.