EXCHANGE NATIONAL BANK OF TAMPA, AS ADMINISTRATOR OF THE ESTATE OF ADRIAN C. HONORE, DECEASED, *Appellant*, v. THE CLARK-RAY-JOHNSON COMPANY, ET AL., *Appellees*.

Division B.

Opinion Filed April 16, 1928.

*Knight, Thompson & Turner* and *James F. Glen*, Attorneys for Appellant;

*Hampton & Greene*, Attorneys for Appellees.

BUFORD, J.—In this case bill was filed to foreclose mortgage. The appellant filed answer to the bill. There was a motion to strike the answer which was considered by the court below as exceptions to the answer and may be so considered here. On hearing the exceptions were sustained and the defendant given time to file further answer or to plead, from which order this appeal was taken. Sec. 3118, Rev. Gen. Statutes of Fla. is as follows:

"The defendant in his answer shall in short and simple

terms set out his defense to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial.''

The allegation contained in the answer which appellant contends complies with that part of the above quoted section, to wit: ''unless defendant is without knowledge, in which case he shall so state, such statement operating as a denial'' is as follows: ''This defendant says that it is a stranger to all the transactions set forth in said bill of complaint and neither admits nor denies the averments in said bill of complaint set forth, but calls upon the complainant for strict proof of said allegations and each of them.''

We must hold that this is not equivalent to an allegation that ''The defendant is without knowledge'' and this allegation does not meet the requirements of the statute. The remainder of the answer alleges no state of facts which would constitute a defense to the claim or claims set up in the bill of complaint and neither specifically admitted or denied or explained any of the facts upon which the complainant relied for the relief prayed.

The order of the chancellor sustaining the exceptions to the answer should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.