LOTS No. 1685, et al., according to map of DeFuniak Springs, Florida, drawn by W. J. Vankirk, situate, lying and being in Walton County; and W. O. CAMPBELL, A. F. BULLARD, J. A. VAUGHAN, et al., v. TOWN OF DEFUNIAK SPRINGS.

174 So. 29.

Opinion Filed February 10, 1937.

Rehearing Denied April 26, 1937.

*S. M. Preacher,* for Appellants;

*L. H. Brannon, Wm. McChesney* and *Philip D. Beall,* for Appellee.

PER CURIAM.—In this cause Mr. Chief Justice ELLIS and Mr. Justice BROWN and Mr. Justice BUFORD are of the opinion that the Decree of the Circuit Court should be reversed for further appropriate proceedings while Mr. Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice DAVIS are of the opinion that the Decree should be affirmed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the said Decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung,

47 Fla. 224, 37 So. R. 51, that the Decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

BUFORD, J.—The town of DeFuniak Springs filed its bill of complaint against certain lands located in said town, upon which certain special assessment liens are delinquent, seeking to foreclose those special assessment liens.

The bill of complaint alleged substantially that complainant is a municipal corporation, organized and existing under the laws of the State of Florida, and defendants are certain lands in said town upon which special assessment liens are due and unpaid for certain sidewalk and paving improvements and construction made by complainant to said lands; that complainant by its governing body, the Town Council and Mayor, made levies and special assessments against said lands for said improvements, and the special assessments became due and payable thirty days after date, which dates are as follows: April 11, 1924; August 8, 1924; December 2, 1924; June 11, 1929; March 12, 1928; August 10, 1928; February 18, 1929; that said special assessments were made in the manner prescribed by the laws of the State of Florida and Ordinances of the Town of DeFuniak Springs, and complainant prays that interest at the rate of 8%, from the dates shown, be added to the amount of complainant's liens in the final decree; that complainant has liens on said lands for these special assessments, and it hereby exercises its right to foreclose them; that said lands should be sold by order of court to pay complainant the amount of the special assessment liens plus interest together with costs; that complainant, by Resolution, elected to proceed with this suit under the provisions of Chapter 15038,

Acts of 1931, and by formal action of the City Council employed L. H. Brannon as its solicitor, and agreed to pay him therefor 10% of all sums collected, which is a reasonable attorney fee; that said liens have been due and unpaid to complainant for more than two years last past before filing this bill of complaint; that the required notice by publication and registered mail has been given by complainant to defendants as required by Chapter 15038, Acts of 1931.

Then follows a certificate by L. H. Brannon, Solicitor for complainant, that he has made diligent inquiry as to the addresses of the holders of record title and of record liens, other than judgment liens, to the property, and that the persons whose names are contained in the assessment rolls are the holders of record title, and a certificate of the Walton County Abstract Company shows the holders of record liens other than judgment liens, which was filed with the Clerk of the Circuit Court; that thirty days prior to filing the bill of complaint, written notice of intention to do so was sent by registered mail to the aforesaid holders of record title of said property, as required by law.

On the same date that the bill of complaint was filed, a notice was also filed calling to the attention of all those interested in said defendant-lots, that they were being foreclosed to satisfy special assessment liens. The description of each lot was set forth with the amount due complainant, the town of DeFuniak Springs. Those interested were notified to appear and make their defense to the bill of complaint on or before March 4, 1935, or decree *pro confesso* would be entered against the lands, and those interested would thereafter be barred from contesting the suit.

Complainant, on the same date, filed a list showing the present owners of the defendant-lots, giving the names of

the owners, and in a parallel column giving the legal de-. scription of the lots. Then followed a list of the holders of mortgages on the lots being foreclosed.

Then on February 8, 1935, complainant filed directions with the clerk of the circuit court, as required by Chapter 15038, to mail registered notice to the owners of the defendant-lots, the list of names comprising two and one-half pages of the transcript.

On March 2, 1935, a part only of those owners who were notified filed their appearances. Others failed to appear, answer or make any sort of motion whatever.

The owners of the defendant-lots who appeared in the cause, filed separate motions to dismiss, which motions contained substantially the following grounds: (1) that the description of the lots contained in the bill of complaint and notice is insufficient; (2) that no person, firm or corporation is made defendant to this bill of complaint; (3) that the bill is insufficient because it alleges mere conclusions of law and of the pleader; (4) that the bill does not (a) set forth sufficient facts to show complainant's power or jurisdiction to make the alleged levy, assessment or lien against said property; (b) show that complainant has complied with the essential requirements of the Constitution and laws of Florida, to show its power or jurisdiction to make the alleged assessment, levy or lien against said property; (c) show that the method of assessment required by law was followed; (d) show that before adopting the resolution, if any, authorizing the improvements and issuance of bonds therefor, the Town Council did, by resolution or otherwise, determine that benefits would accrue to said property, the amount thereof, the manner of prorating the costs, and that the special assessments would be made proportionate to the benefits; (e) affirmatively show that the

property owners were given notice before said assessments were made; (f) affirmatively show that the town Council, by resolution or otherwise, determined and prorated, in the method required by law, the costs of the improvements, so as to show that the method of assessment was lawful and equitable and not arbitrary; (g) show that improvements were made or caused to be made to defendants' property; (h) sufficiently allege that complainant made or caused to be made the alleged improvements; (i) allege that the assessment and levy were approved and confirmed by complainant; (5) that there is no equity in the bill.

A motion to dismiss was made by Mrs. L. F. Cochran, Helen C. Thompson and A. R. Campbell substantially on the same grounds as the other motions except that it contained the two following grounds; (1) The bill does not set forth the interest of these defendants, that if they are judgment creditors, suit cannot lie; (2) that the statutes provide that where there has been no record notice of lien, suit to enforce the same must be begun within twelve months after completion of the work, and if record notice, within twelve months after its recordation; and that it was held in Bowery v. Babet, 99 Fla. 1151, 128 So. 801, that complainant should show affirmatively that suit was begun before the statutory period had expired, which is not shown here, but on the contrary it is shown that it was not begun within twelve months.

The motions to dismiss were denied and the defendants were allowed until June 17, 1935, in which to file further pleadings if they so desired. This time was subsequently extended to July 1, 1935.

Part of the defendants filed an answer to the bill of complaint, in which they denied the material allegations of the bill, and set up affirmative matters of defense. Upon mo-

tion, part of the answer was stricken, a part of the stricken portion asserting as a defense that the matters alleged in the bill of complaint had already been adjudicated.

Thereafter an amended answer was filed which, after denying the material allegations of the bill of complaint, asserted that the special assessments were void because complainant did not proceed according to the requirements of law in that no prerequisite jurisdictional resolution was passed before attempting to make the assessment and in that no prerequisite jurisdictional resolution was passed determining what benefits would accrue to the property improved, the amount of the benefits, how the benefits would be apportioned, making the assessments in proportion to the benefits and not in excess thereof.

All of the owners of the lots did not answer the bill of complainant. Decree *pro confesso* was, on September 19, 1935, taken against the non-answering, non-appearing owners; and on the same date, final decree was entered in favor of complainant, allowing the municipality to foreclose the various liens for the amount of the principal and interest plus 10% attorney's fee. Edwin W. Gillis was appointed Special Master to sell the property, and he advertised that the property would be sold on October 7, 1935. E. L. Sullivan sought by a bill in equity to enjoin the Special Master from making a sale of his property, but injunction was denied by the chancellor. The Special Master made the sale as advertised and filed his report on October 19, 1935, on which date the chancellor confirmed the sale. Then on October 19, 1935, by order of the court, the final decree was amended *nunc pro tunc*, permitting the lands foreclosed upon and already sold to be correctly described in the final decree.

On November 8, 1935, three of the defendants whose

land had been sold under that final decree filed their peti-
tion for rehearing on the confirmation and other decrees
and orders, asserting as grounds for reheaing that the
Special Master had advertised their property for sale by
a correct legal description, which was not given in the final
decree, and which the Special Master had no authority
to do; and that the court granted the motion amending the
final decree *nunc pro tunc,* showing a correct legal descrip-
tion of the property. The chancellor, on March 3, 1936,
refused to consider the petition for rehearing on the ground
that it was not filed within the time required by law.

The testimony was taken before Judge L. L. Fabisinski,
Judge for the First Judicial Circuit, who had refused to
appoint a Special Master to take testimony.

On March 14, 1936, the chancellor entered final decree in
the cause as to those owners of the lots who answered the
bill, the material parts of that decree being as follows:
(1) The order of July 23, 1935, permitting paragraphs 13,
14 and 15 of the answer to remain in was made so that the
entire proceedings in the former cause be incorporated in
this record. (2) The Complainant is entitled to the relief
sought in the bill of complaint. (3) Ten per cent. of the
principal and interest is a reasonable attorney's fee. (4) A
decree *pro confesso* was not taken against Hal C. Rich-
ardson, the owner of lots 637, 615 and 616, according to
the map of Lake DeFuniak drawn by W. J. Vankirk, at
the time the other decree *pro confesso* was entered; but is
now taken as confessed against the estate of Hal C. Rich-
ardson because of failure to answer the bill in the time
allowed. (5) A decree *pro confesso* was not taken against
the heirs of D. E. Richardson, who were the owners of
lots 623-637, according to the map of Lake DeFuniak
drawn by W. J. Vankirk, at the time the other decree *pro*

*confesso* was entered; but is now taken as confessed against the heirs of D. E. Richardson for failure to appear in the cause. (6) The Complainant has liens on the lots in question in the amounts set out, covering principal, interest and attorney's fees; and it is ordered that the liens be foreclosed and the property sold at public sale by Edwin Gillis, Special Master, in order to satisfy said liens. (7) Any lots included in the bill of complaint and omitted from the final decree of September 18, 1935, and this final decree are omitted because said special improvement taxes have been paid.

From this final decree, the owners of the lots foreclosed upon took this appeal.

Twenty-one questions are presented for determination by the appellants. The first seven of them relate to the sufficiency of the bill of complaint as against the several motions to strike.

It is contended that the bill of complaint is insufficient because it does not make any person, firm or corporation a defendant, but instead makes lots or parcels of land defendants. It is proper for a municipality to institute proceedings to foreclose special improvement liens against lots or parcels of land and to give the owners thereof notice by mail; and when they appear generally in the cause by making a motion to strike parts of the bill of complaint, by filing an answer or by filing a petition for rehearing, thus subjecting themselves personally to the jurisdiction of the court, their rights in and to the property can be adjudicated and foreclosed. See City of Coral Gables v. Certain Lands upon which Taxes are Delinquent, 110 Fla. 189, 149 So. 36. As to those persons who were sent notice pursuant to the provisions of the statute and against whom a decree *pro confesso and* later a final decree were entered, but who

never in any way appeared in the cause, we think that their rights to those lands may have been foreclosed, if the proceedings had been regular, because they have been given opportunity to appear as defendants generally or otherwise. Such notice under the statute gives the court jurisdiction over them whereby their interest in those lands could be divested and foreclosed by the final decree.

These persons are not parties to this appeal and are not required to be. Yet, the reversal operates in their behalf because it is based on a fatal infirmity of the bill of complaint.

It is contended that the bill of complaint fails to allege the adoption and publication by the town's governing authority of a resolution determining that benefits would accrue to the property, the amount of the benefits, that the special assessments would be made proportionate to the benefits and that they would not exceed the benefits. This contention is well founded for the bill of complaint does not contain any allegation relating to this prerequisite jurisdictional resolution.

The bill need not go into detail as to the contents of the resolution but it should allege in an appropriate manner that such resolution was passed. See Sec. 28 of the Chancery Act, Chapter 14658, Acts of 1931. Chapter 9298, Acts of 1923, under which these improvements and assessments were made provided:

"Sec. 2. Special assessments against property deemed to be benefited by local improvements, as provided for in the preceding section, shall be assessed upon the property specially benefited by the improvement in proportion to the benefits to be derived therefrom, said special benefits to be determined and prorated according to the front footage of the respective properties specially benefited by said improve-

ment, or by such other method as the governing body of the municipality may prescribe.

"Sec. 3. When the governing authority of any municipality may determine to make any public improvement or repairs in streets, and defray the whole or any part of the expense thereof by special assessment, said governing authority shall so declare by resolution stating the nature of the proposed improvement, designating the street or streets to be so improved, what part or portion of the expense thereof is to be paid by special assessment, the manner in which said assessment shall be made, when said assessments are to be paid, what part, if any, shall be apportioned to be paid from the general improvement fund of the municipality, and said resolution shall also designate the lands upon which the special assessment shall be levied."

It is mandatory that a resolution in conformity with this statutory requirement be adopted. City of Fort Myers v. State, 95 Fla. 704, 117 So. 97. And it should be properly alleged in the bill of complaint.

It is contended that the bill did not allege that the lots sought to be foreclosed abutted on the alleged improvement. The following language, taken from a resolution of the town of April 11, 1924, is incorporated in and made a part of the body of the bill of complaint:

"The amount of the assessment as hereinafter set forth is the total assessment against each lot or parcel of land described, which included cost of pavement, grading and curbing on streets on which the lands abuts as well as the proportionate part of the cost of the street intersections assessed against said lands, as provided in the Resolution of the Town Council of March 14, 1924, as provided in Chapter 9298, Laws of Florida, 1923."

The bill contains similar allegations in three other places.

This is sufficient allegation of the fact that the lots abutted on the special improvements.

It is contended that the bill and its exhibits fail to show necessary compliance on the part of the municipality, with the Constitution and laws of the State of Florida, in making these assessments. The bill alleges in paragraph 6:

"That all of the aforesaid special assessments were made according to law, and in the manner prescribed by the laws of the State of Florida and the Ordinances of the Town of DeFuniak Springs, Florida, covering the same." ·

This allegation is insufficient to meet the essential requirements of a good bill of complaint to foreclose special assessment liens under Chapter 9298, Acts of 1923, as set forth in the case of Sawyer v. Town of Mt. Dora, 108 Fla. 456, text 462, 148 So. 209.

It is contended in the next three questions presented that Chapter 12665, Acts of 1927, and Chapter 14,000, Acts of 1929 are insufficient to validate the acts and proceedings of the municipality in making the improvements and assessments.

The title to Chapter 12665, Acts of 1927, was in this language:

"An Act validating, legalizing and confirming the acts of the Town Council of the Town of *DeFuniak Springs,* Florida, a Municipal Corporation, and its officers in the matter of street pavements and improvements heretofore made in said municipality; providing that the costs of such improvements shall constitute liens upon property specially benefited and providing for the enforcement of such loans upon such property."

After that Act was passed, other special improvements were made by the Town of DeFuniak Springs, and another

Act, Chapter 14000, Acts of 1929, was passed, its title providing as follows:

"An Act ratifying, approving, confirming and validating all the acts and proceedings of the Town Council of the Town of DeFuniak Springs, Florida, a Municipal corporation, in the matter of street paving and improvements pursuant and subsequent to resolutions of said Town Council of March 12th, 1928, and January 7th, 1929, and declaring valid the special assessments made and entered therefor."

The first validating Act, Chapter 12665, Acts of 1927, may be considered as validating all acts and proceedings performed by the Town Council and Officials of the Town of DeFuniak Springs in making the improvements and assessments up to and including that time, and may be regarded as a legislative assessment because it contemplated that the assessments were made against property specially benefited. See Davis v. Clearwater, 104 Fla. 42, 139 So. 825; U. S. Fidelity & Guaranty Co., v. Highway Engineering & Construction Co., 54 Fed. (2d) 894; Webb v. Scott, ...... Fla. ......, ...... So. ......, decided at the present term. (Pending on rehearing.)

The second validating Act, Chapter 14000, Acts of 1929, proposed to validate the acts and proceedings of the Town of DeFuniak Springs in making the improvements and assessments under the resolution passed March 12, 1928, the resolution of March 7, 1929, not being involved in this appeal. Chapter 14000 could cure the omission of the Mayor's signature from the resolution of March 12, 1928, by validating all acts and proceedings of the Town taken under that resolution. No mention is made in this Act of the benefits received by the property assessed from the improvements made; but the resolution of March 12, 1928, provides:

"The expense and cost of paving, gutters, street intersections and all cost incidental thereto, less twenty-five per cent, shall be paid by assessments against the property specially benefited by such improvement and abutting thereon as and in the manner hereinafter set forth and provided."

This provision of the resolution satisfies the requirement of the rule as to the "benefits" that should be received by the assessed property, as laid down in Utley v. City of St. Petersburg, 106 Fla. 692, 144 So. 53. It appears that any and all defects or omissions in the procedure relating to the making of improvements and assessments under the resolution of March 12, 1928, are validated by Chapter 14000.

It is contended in the eleventh and twelfth questions presented that the chancellor erred in striking paragraph 12 from the answer which paragraph set up the defense of *res adjudicata.*

That paragraph of the bill of complaint set out that on October 25, 1933, the Town of DeFuniak Springs filed a bill of complaint against these same parties to foreclose these same special assessment liens; that upon motion, the court granted an order dismissing the bill of complaint, after which complainant filed its amended bill of complaint; that upon further motion, the court granted an order to dismiss the bill with leave to further amend within 15 days; that no further amendment having been filed, the cause stood dismissed; that final decree of dismissal was entered, which is *res adjudicata* in the present controversy.

The chancellor ordered this paragraph stricken from the answer. The question to be decided is whether even if the defense set up in this paragraph of the answer had been true, it would have precluded the Town of DeFuniak

Springs from instituting this bill in equity to foreclose the same special improvement liens. If it would not have precluded the Town from instituting this bill of complaint, then the chancellor committed no error in striking this paragraph of the answer.

"A judgment rendered on the ground of formal defects in the pleadings does not touch the merits of the controversy and therefore is no bar to a second suit on the same cause of action. Nor is a dismissal of an action for failure of the complaint to state a cause of action a bar to a new action on a good complaint. So a dismissal of a bill for failure to allege a matter essential to the jurisdiction of the court is no bar to a second bill in which such defect is cured or obviated by further and sufficient allegations." 34 C. J. 794, Sec. 1212.

"The dismissal of a bill in equity or of an action at law, not on the merits, but because plaintiff declines further prosecution of it, has as a rule no greater effect than a nonsuit, and is no bar to a subsequent suit founded on the same matters, in the absence of a statute or rule of practice to the contrary." 34 C. J. 795, Sec. 1215.

The bill in the former case was dismissed because the complainant failed to amend within the time allowed, and the final decree was not a final decree on the merits. There was consequently no error in striking that paragraph from the answer.

The thirteenth to and including the nineteenth questions presented each relate to matters affecting the rights of only three of the owners of the lots being foreclosed, viz.: James Manning, S. B. Brazile and E. L. Sullivan. Although these three persons joined in the notice of appeal, that appeal was taken only from the final decree of March 14, 1936; and their rights to the lots were not foreclosed by

that final decree, as the record shows, but by the final decree of September 19, 1935, or from the order of March 3, 1936, denying a rehearing. Therefore these three parties are not properly before this Court by reason of never properly having taken an appeal from the final decree or orders affecting their rights in and to the property; and questions 13-19 inclusive, relating only to them, cannot be considered by this court.

Appellants' twentieth qeustion presented is worded as follows:

"Is the evidence sufficient to sustain the final decree in this cause of action?"

This question is not properly phrased so as to present any point of law for consideration by this Court, as contemplated by the rules. It is an effort to place the burden of examining the entire record upon the Court to see if any error has been committed, without being specific about what alleged errors are being relied upon for reversal. This is a violation of Rule 20, and the question cannot be considered.

The twenty-first question presented is whether an attorney's fee should be allowed the Town of DeFuniak Springs when it is alleged that the agreement for the attorney fee was 10% of all sums collected on both principal and interest, and the proof is that an agreement was made for a reasonable attorney fee to be determined by the court.

The bill of complaint alleged that the Town of DeFuniak Springs agreed "to pay the said L. H. Brannon as his attorney fee for same ten per cent (10%) of all sums collected for both principal and interest, and claims and alleges the same to be a reasonable fee for its said attorney herein." The testimony of L. H. Brannon was to the effect that the Town agreed to pay him 10% of the prin-

cipal and interest collected before suit as his fee; and agreed to pay him a reasonable fee if collected after suit. No evidence was introduced at the hearing to rebut the showing made that 10% was a reasonable attorney fee. The chancellor allowed a fee of 10% for the complainant's attorney, which was decreed to be a reasonable fee. Now since the amount of the fee was uncontested in the hearing below, and the chancellor found it to be a reasonable fee, it does not seem, under the circumstances, that it is now open to question.

The appellee, Town of DeFuniak Springs, asserted in its brief that appellants were estopped to question the validity of the assessments for these special improvements because of the long lapse of time since the assessments were made, during which time no complaints in regard thereto were made. None of the questions presented except questions 8-10 inclusive in anywise related to the validity of the assessments. It is true that appellants, by failing to resort to the proper remedies at the proper time, may have acquiesced in the validity of the special assessments so that they are now estopped to contest them. See Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507, text 509. However, on the other hand, it is incumbent on complainant to allege in its bill of complaint every fact clearly necessary to entitle it to relief, and if it fails to do so it must suffer the consequences. Johnson v. McKinnon, 45 Fla. 388, 34 So. 272; Stockton v. National Bank of Jacksonville, 45 Fla. 590, 34 So. 897; Pinney v. Pinney, 46 Fla. 599, 35 So. 95; Norton v. Jones, 83 Fla. 81, 90 So. 854. The bill of complaint as it stands is inadequate to support the relief prayed for and granted because, as hereinbefore stated, the allegation in the bill of complaint "that all of the aforesaid special assessments were made according to law and in the

manner prescribed by the laws of the State of Florida and the ordinances of the Town of DeFuniak Springs, Florida, covering the same," constitutes an allegation of the conclusion of the pleader and not an allegation of necessary ultimate facts showing either a legal levy and assessment by the municipality or a legislative validation of a levy and assessment which without such validation would not support foreclosure. See Sawyer v. Mt. Dora, 108 Fla. 456, text 462, 148 So. 209, and cases there cited.

Therefore, the basis of the foreclosure of these special assessment liens, the bill of complaint, and other subsequent proceedings had thereunder, having been found inadequate to support the relief prayed for and granted in the final decree, the cause is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

Davis, J.—The Town of DeFuniak Springs filed its bill of complaint in the Circuit Court in which it averred, among other things, that it had unsatisfied liens upon all of the properties described in the bill, for amounts due for special assessments imposed by it under authority of law for local improvements in the form of paving and sidewalks. It further averred its election to foreclose said liens in equity as provided by Chapter 15038, Acts 1931, Laws of Florida.

Chapters 14000, Acts 1929, and 12665, Acts 1927, of which this Court takes judicial notice, undertook to validate and did validate, by legislative action, all of the special assessment liens described in the bill for which foreclosure was sought, therefore it was unnecessary for the bill to allege anything more than the imposition of the assessments by the Town of DeFuniak Springs prior to the date of the validation acts, coupled with an allegation of the amounts

due and unpaid on each particularly described parcel of property sought to be foreclosed against. The bill in the present case did this and more, and in my judgment was clearly adequate as a pleading to withstand attack for insufficiency in matter of substance.

When by a validating Act the Legislature ratifies and adopts assessments for local improvements not spread by it, but which it could have originally spread, these assessments become and thereafter are *legislative* assessments, as truly as though the Legislature had in the first place spread them. Davis v. City of Clearwater, 104 Fla. 42, 139 Sou. Rep. 825; Anderson v. City of Ocala, 83 Fla. 344, 91 Sou. Rep. 182; Day v. City of St. Augustine, 104 Fla. 261, 139 Sou. Rep. 880.

The enactment of a curative statute validating municipal action already taken, of which the Legislature must have had knowledge at the time its validating Act was enacted, renders immaterial matters of procedure that could have been dispensed with by the Legislature in the first instance, even though absent the curative statute, the defects in procedure would be fatal. Taylor v. Tennessee & Fla. L. & I. Co., 71 Fla. 651, 72 Sou. Rep. 206; Dover Drainage Dist. v. Pancoast, 102 Fla. 267, 135 Sou. Rep. 518; Middleton v. City of St. Augustine, 42 Fla. 287, 29 Sou. Rep. 421, 89 Am. St. Rep. 227; Towns v. State, 102 Fla. 188, 135 Sou. Rep. 822; Charlotte Harbor & N. R. Co. v. Welles, 78 Fla. 227, 82 Sou. Rep. 770, affirmed in 260 U. S. 8, 43 Sup. Ct. Rep. 3, 67 L. Ed. 100; Smith Bros. v. Williams, 100 Fla. 642, 126 Sou. Rep. 367. Compare: Horton v. Kyle, 81 Fla. 274, 88 Sou. Rep. 757; Williams v. Dormany, 99 Fla. 496, 126 Sou. Rep. 117.

In 1931 Chancery Act (Chapter 14658, Acts 1931) provides that all pleadings in equity shall be expressed in as

brief and succinct terms as reasonably practicable and shall contain no unnecessary matter not relevant to the cause of action. Section 22.

Where a municipality relies upon a validating Act to sustain the enforceability of special assessments made by it for local improvements, *and thereafter ratified by legislative* action, I think it sufficient for the bill to allege the making of the assessments and the amount thereof, giving a description of the property, coupled with an allegation that the liens sought to be foreclosed were unsatisfied, pleading or reference to the validating Act being appropriate as a means of information to the court, but wholly unnecessary as a prerequisite to the sufficiency of the pleading.

I concur in the general discussion set forth in the opinion of Mr. Justice BUFORD, but dissent as to the conclusion to reverse. I am of the opinion that the decree should be affirmed on authority of the validating Acts hereinbefore mentioned.

### ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing it is insisted that this court has held that the determining resolution required by the statute to be adopted by the governing body of the town as to benefits and special assessments, is essential to protect organic property rights of those whose property is assessed and cannot be dispensed with; and that consequently such resolution should be duly pleaded in this case. But that holding has relation to the validity of special assessments made under statutory authority by *administrative officers,* and such holding is not applicable where *validating statutes* in effect make *statutory assessments* by confirming irregular and invalid assessments made by officers under statutory authority. Proper determining resolutions as to benefits and corresponding assessments are essential

when *administrative* assessments under statutory authority are relied on; but not when validating statutes are *in effect statutory assessments.*

The statutes referred to in the opinion have validated *all the acts and proceedings* of the Town Council in the pavement and improvement of certain streets and avenues of the town, made pursuant to definitely stated resolutions of the Town Council; and such statutes have ratified, approved, confirmed and validated, the special assessments heretofore levied, made and entered against the property abutting upon said streets and avenues, and in the several blocks abutting thereon as the same appear upon the assessment rolls heretofore adopted and entered, and such statutes have also declared the same to be valid and existing liens against the respective lots, pieces or parcels of land as described and set out in said rolls. Chapter 14000, Acts of 1929.

The validating statutes having in effect made *statutory* assessments predicated upon records of acts and proceedings of the Town Council under then existing statutory authority, and having declared such assessments to be valid and existing liens against the respective lots as described in the assessment rolls theretofore adopted and entered by the town officials, the resolutions of the Town Council became immaterial in so far as they determined benefits and assessments with reference to abutting property; and such resolutions of the Town Council are now evidentiary records of facts upon which the validating statutes operated to impress assessments liens upon identified property for street improvements. The validating statute having in effect determined the benefits and impressed the liens, it was not necessary to plead the determining resolutions as such in enforcing the statutory assessment liens upon the lots and

pieces or parcels of land as described and set out in the assessment rolls referred to in the statutes.

REHEARING DENIED.

ELLIS, C. J., and WHITFIELD, TERRELL and DAVIS, J. J., concur.

BROWN, and BUFORD, J. J., concur specially.

BUFORD, J.—I concur in denying rehearing because the issues have been fully considered and the court is irreconcilably divided.

BROWN, J.—I concur in denial of rehearing for the reason stated by Mr. Justice BUFORD.