NELSON WILLIAMS v. CITY OF FERNANDINA

189 So. 830
Division A
Opinion Filed June 2, 1939
Rehearing Denied June 28, 1939

*Thomas M. Linton,* for Appellant;

*H. W. Fisher, J. S. Diver* and *J. M. Bryant,* for Appellee.

BUFORD, J.—Appeal brings for review decree in favor of the City of Fernandina in a suit to foreclose a special assessment lien evidenced by a lien certificate issued pursuant to proceedings had under the provisions of Chapter 9298, Acts of 1923, to pay the cost of street improvement by installing drains and paving, two-thirds of the cost of such improvements being levied and assessed against the property abutting on the improvement.

The statute, *supra,* provides a valid and effective means for making such improvements in cities and towns in Florida. Walters v. City of Tampa, 88 Fla. 177, 101 So. 227.

The defendant's answer to paragraphs 1 to 7, inclusive, and 9 and 10 of the bill of complaint under Section 34 of the 1931 Chancery Act amounts to no more than admissions of the allegations of these paragraphs of the bill.

Paragraph 1 of the answer is as follows:

"That for lack of sufficient information defendant neither admits nor denies the allegations contained in paragraph one of the bill of complaint." The other paragraphs, *supra*, are to the like effect. See Exchange National Bank of Tampa, Admr., v. The Clark-Ray-Johnson Co., 95 Fla. 734, 116 So. 647; Bostwick v. Van Sant, *et al.*, 98 Fla. 565, 124 So. 14; Clermont-Mineola Country Club v. Loblaw, 106 Fla. 122, 143 So. 129.

The bill of complaint sufficiently alleges all facts necessary to show compliance with Chapter 9298, Acts of 1923, and the complainant fully proved the allegations of the bill.

Paragraphs 11 to 14, inclusive, of the answer are as follows:

(11). "Further answering defendant says that he has paid all valid taxes assessed against his property, as described in bill of complaint, in so far as he has knowledge, that defendant is informed and believes that the paving for which the claim of lien is made, has been paid for by the taxpayers and the property within the limits of the City, plaintiff herein, is not liable for the instant assessment claimed.

(12). "Defendant further says that he is informed and believes and so alleges that plaintiff, the City of Fernandina, through its duly constituted officers, did take certain money or monies derived from taxes upon the property within the City of Fernandina and pay for the paving, hereinabove mentioned in bill of complaint, a part of which property is the property of defendant against which this foreclosure suit is brought.

(13). "That defendant and his property, located within said City of Fernandina, Florida, did pay and furnish his

and its proportionate share of said money or monies, as paid out for the paving as enumerated and set out.

(14). "That by reason of the facts hereinbefore set out and alleged the assessment and claim of lien against the described property, the property of defendant, is and constitutes a double assessment and is therefore void."

Such allegations are insufficient to constitute any defense. See Klemm v. Davenport, 100 Fla. 627, 129 So. 904, in which it was held:

"The principle is well established in this country that in addition to his proportion of a laid tax a taxpayer may be required to pay an additional amount to make up deficiencies caused by the neglect or inability of other taxpayers to pay their assessments and that such additional impositions do not violate constitutional inhibitions against double taxation nor requirements of equality and uniformity nor do they amount to the taking of one's property, without due process of law.

"An ad valorem tax and a special assessment may be imposed on the same property at the same time and in addition to the primary imposition in either case the taxpayer may be required to pay an additional amount to make up deficiencies caused by neglect or inability of other taxpayers to pay their assessments and such requirements will not impinge on constitutional inhibitions against double taxation, the requirement of equality and uniformity, nor do they amount to the taking of property without due process."

The appellant relies strongly on the opinion and judgment in the case of Lots Nos. 1685, et al., v. Town of DeFuniak Springs, 127 Fla. 348, 174 So. 29, to support the contention that the allegations of the instant bill of complaint are insufficient. In the DeFuniak Springs case the bill alleged, as is shown by our opinion, supra: "that all of the afore-

said special assessments were made according to law and in the manner prescribed by the laws of the St te of Florida and the ordinances of the Town of DeFuniak Springs, Florida, covering the same," while the bill in the instant case alleges the acts done by the City authorities and then the conclusion that such acts were in compliance with stated statutes.   Therein lies the m terial difference.

On consideration of the entire record, no reversible error is made to appear and the decree is accordingly affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.