KNOTT, JAMES R., Associate Judge.
This is an interlocutory appeal from an order denying a motion to dissolve a temporary restraining order, and denying a motion to dismiss. The restraining order prevented the appellant unions, defendants below, from continuing to picket appellee pending the final determination of the case. The motion to dissolve was denied on the ground that the merits of the case had been previously adjudicated, and therefore, the unions were barred from rebutting the plaintiff company’s claim that the strike was unlawful in its inception.
*44 The unions began to picket plaintiff’s business in August, 1957, and shortly thereafter brought suit against plaintiff by seeking an injunction to prevent interference with this picketing. That suit was dismissed on December 9, 1957, for failure to state a cause of action, with leave granted to amend within twenty days, but the unions failed to amend within the allotted time, and no further action was taken in the case.
On March 28, 1958, the picketing having in the meanwhile continued, plaintiff sought an injunction against it, and obtained a temporary restraining order pending the outcome of the case. Defendants attempted to have the restraining order dissolved on the ground that the picketing was legal because it was precipitated by plaintiff, but were met by the contention of plaintiff that the issue of the initial legality of the picketing was res judicata, and this contention was sustained by the lower court in denying the motion to dissolve. In approving the applicability of the doctrine of res judicata, the lower court quoted a portion of the order entered in the initial suit, dismissing defendants’ original complaint, as follows:
“2. That the Complaint fails to allege that the Defendant employer was sufficiently advised of the object of the picketing and of the nature of the employees’ grievances against the employer, if such grievances existed, and fails to reveal that the employer was afforded a fair opportunity to engage in negotiations with the employer concerning such grievances before picketing began; that the apparent purpose of the Union Agent’s appearance at the Defendant employer’s place of business on the morning of Wednesday, August 28, 1957 at 7:00 A.M., was to persuade the Defendant employer to sign a Union contract.
“It is thereupon Adjudged, Ordered and Decreed that the Complaint be, and the same is hereby dismissed, and the Plaintiffs given twenty (20) days in which to file such Amended Pleadings as they may deem fit.”
The doctrine of res judicata being held applicable, the court refused to admit certain testimony relative to the instigation of the strike proffered by defendants in support of their motion.
Defendants’ primary contention on appeal is that the chancellor erred in holding the order dismissing their original complaint to have been on the merits, so as to bar them from raising the same matters in defense to the present suit.
The generally approved rule is to the effect that a judgment for defendant based on failure of the plaintiff to allege facts constituting a cause of action does not preclude the original cause of action from being raised again, even though the plaintiff has failed to take advantage of leave to amend. See Restatement, Judgments, § 50(c); 50 C.J.S. Judgments § 633d, and cases cited, including Lots Nos. 1685 et al. v. Town of DeFuniak Springs, 1937, 127 Fla. 348, 174 So. 29, 34. In the DeFuniak Springs case Justice Buford, speaking for an evenly divided half of the court, said:
“It is contended in the eleventh and twelfth questions presented that the chancellor erred in striking paragraph 12 from the answer, which paragraph set up the defense of res ad-judicata.
“That paragraph of the bill of complaint set out that on October 25, 1933, the Town of DeFuniak Springs filed a bill of complaiht against these same parties to foreclose these same special assessment liens; that upon motion, the court granted an order dismissing the bill of complaint, after which complainant filed its amended bill of complaint; that upon further motion, the court granted an order to dismiss the bill with leave to further amend within fifteen days; that no further amendment having been filed, the cause stood *45 dismissed; that final decree of dismissal was entered, which is res ad-judicata in the present controversy.
“The chancellor ordered this paragraph stricken from the answer. The question to be decided is whether even if the defense set up in this paragraph of the answer had been true, it would have precluded the Town of DeFuniak Springs from instituting this bill in equity to foreclose the same special improvement liens. If it would not have precluded the town from instituting this bill of complaint, then the chancellor committed no error in striking this paragraph of the answer.
“ ‘A judgment rendered on the ground of formal defects in the pleadings does not touch the merits of the controversy and therefore is no bar to a second suit on the same cause of action. Nor is a dismissal of an action for failure of the complaint to state a cause of action a bar to a new action on a good complaint. So a dismissal of a bill for failure to allege a matter essential to the jurisdiction of the court is no bar to a second bill in which such defect is cured or obviated by further and sufficient allegations.’ 34 C.J. 794, § 1212.
“ ‘The dismissal of a bill in equity or of an action at law, not on the merits, but because plaintiff declines further prosecution of it, has as a rule no greater effect than a nonsuit, and is no bar to a subsequent suit founded on the same matters, in the absence of a statute or rule of practice to the contrary.’ 34 C.J. 795, § 1215.
“The bill in the former case was dismissed because the complainant failed to amend within the time allowed, and the final decree was not a final decree on the merits. There was consequently no error in striking that paragraph from the answer. * * * ”
Appellees point out that the DeFuniak Springs case was affirmed by an evenly divided court; however, Justice Davis, speaking for the half in favor of affirming, concluded his short opinion as follows:
“I concur in the general discussion set forth in the opinion of Mr. Justice Buford, but dissent as to the conclusion to reverse. I am of the opinion that the decree should be affirmed on authority of the validating acts hereinbefore mentioned.”
Thus it appears that the divergence of opinion was not over the point applicable to the instant case, and the Supreme Court is therefore on record as favoring the rule that failure to amend a complaint after dismissal does not constitute such dismissal an adjudication on the merits. Ap-pellee refers, however, to the later case of Kautzmann v. James, Fla.1953, 66 So.2d 36, 38, wherein an exception to this rule is discussed, and quotes from it as follows :
“It is the rule that a judgment on demurrer based on merely formal or technical defects will not preclude the filing of an amended complaint setting forth a good cause of action, or operate as a bar to a second suit on the same cause of action. Thus when the plaintiff failed in the first suit simply by reason of the omission of a material allegation, a second suit in which the complaint supplies the additional allegation of fact would be in order, by the principle stated. However, the rule is not applicable where the judgment entered on demurrer was on account of some, inherent defect in the case shown by the complaint, rather than for any omission of necessary or proper allegations. Black on Judgments, 2nd ed., Vol. II, sections 707-9. As the matter is stated in 34 C.J., Judgments, § 1219: ‘A judgment on a demurrer which goes to the merits, raising a question of substance and not *46 merely one of form, and disposing of the whole cause of action, is a complete bar to a subsequent suit on the same claim or demand.’ See 50 C.J.S. Judgments § 643.”
While this is quite sound it raises the further question of whether the complaint was dismissed because of “some inherent defect in the case.” Going further into the Kautzmann case we find a clear and efficacious test set forth to answer this question:
“As to when a final judgment on demurrer is conclusive on the merits, the test is: Does the insufficiency of the complaint relate to the facts alleged or to the allegation of the facts? If the defect is in the facts affirmatively set forth, the judgment is upon the merits; if there is merely an insufficiency in the allegations, the judgment is not conclusive on the merits. See 34 C.J., Judgments, § 1219, note 77(a).”
Applying this test to the present case leads us to the conclusion that the order relied on by the chancellor in determining the issue of res judicata was not such as to preclude further litigation involving the same facts. The pertinent portions of the order recite that “the complaint fails to allege that the Defendant employer was sufficiently advised,” and “fails to reveal that the employer was afforded a fair opportunity to engage in negotiations” (emphasis supplied). It thus appears that the original complaint of the present defendants was dismissed because of an omission of necessary allegations, and not because of any defect in those affirmatively set forth. This interpretation receives further support from the fact that the chancellor in the first suit gave leave to amend in dismissing, which is not evincive of an opinion that the case shown by the complaint was inherently defective, or of a decision on the merits.
1 The other points raised by appellants are dependent, at least in part, upon evidence which will be considered by the chancellor in view of this decision, and hence are premature.
The order appealed from, insofar as it precludes the defendants from producing evidence tending to rebut plaintiff’s claim that the strike was unlawful in its inception, is reversed.
Reversed.
KANNER, C. J., and ALLEN, J., concur.