PER CURIAM.
Plaintiff, City of Treasure Island, is appealing from a finding by the chancellor that certain assessment liens were void and unenforceable.
In an effort to halt beach erosion, the City constructed a series of groins running from privately owned water front property and extending into the Gulf of Mexico. The City sought to finance this construction through the sale of revenue certificates which were to be paid from taxes specially assessed. The circuit court of Pinellas County entered a decree validating the revenue certificates. In this decree the court stated that the cost of the improvements was “to be specially assessed against lands and real estate specially benefited thereby.” Several months later the special assessment roll was published and a public hearing was held. The appellee-de-fendants failed to appear at this hearing and they offered no objection at that time to the assessment. It should be pointed out that at no time did the City Council make a determination that the construction would be of benefit to the properties to be specially assessed.
In January 1964, approximately four and one-half years following approval and re-cordation of the special assessment roll, the City sought to foreclose several special assessment liens against certain properties located within said city and bordering on the gulf. Whereupon, the appellee-prop-erty owners filed an answer in which they objected to the assessment claiming that their property had not benefited from the construction but instead it had been injured. The trial court held for appellee-property owners, finding that the land in question had not been benefited by the construction and further finding that the construction had resulted in increased erosion to appellees’ property.
On appeal the City of Treasure Island contends: (1) that the failure of appellees to contest the revenue certificate validation precluded them as a matter of law from later attacking the validity of the special asssessment, and (2) that the appel-lees, by failing to object to the assessment proceeding, are now estopped from raising an objection.
We cannot agree with the City’s first contention. The special assessment proceeding in question was held months after the revenue certificates were judicially *271 validated. Validation proceedings are conclusive only as to what was or could have been adjudicated and they cannot preclude an attack on assessment proceedings which are made months later. If we were to adopt the City’s contention, we would establish a harsh and unjust proposition of law. Property owners who did not object to the revenue certificate validation would be precluded from later contesting the assessment regardless of how unjust or arbitrary or constitutionally defective it might be. We do not believe this was the intended effect of the validation statute, Florida Statute § 75.01 et seq. F.S.A. In Utley v. City of St. Petersburg, 1932, 106 Fla. 692, 144 So. 53, the state legislature had passed validating acts relating to taxes and special assessments levied by the City of St. Petersburg. The Florida Supreme Court held that despite the validating statute certain special assessments were invalid since there had been no determination that any benefits would accrue to owners of property sought to be assessed.
Furthermore, it should be noted that the circuit court in validating the certificates stated, as mentioned above, that the cost of the improvements was “to be specially assessed against lands and real estate specially benefited thereby.” No determination was made by the City Council that the construction would benefit the properties sought to be assessed nor was a determination made as to what would be the amounts of such benefits. Therefore, the assessment failed to comply with the validation order.
In its second contention, the City of Treasure Island claims that appellees, who failed to object at the earlier proceedings, are now estopped from contesting the validity of the assessment.[1] Because the City Council failed to make a determination that the properties to be assessed would be specially benefited, we must again disagree with the City’s contention.
In Lots Nos. 1685 et al. v. Town of De-Funiak Springs, 1937, 127 Fla. 348, 174 So. 29, 37, the Court stated that “proper determining resolutions as to benefits and corresponding assessments are essential when administrative assessments under statutory authority are relied on.” See Utley v. City of St. Petersburg, supra.
Justice Ter-rell, speaking for the Florida Supreme Court, in Stockman v. City of Trenton, 1938, 132 Fla. 406, 181 So. 383, 384, said:
“The courts of this country are committed to the doctrine that special assessments should in no case exceed the benefits they confer to the property improved and that if the governmental entity imposes an assessment in excess of benefits, it will be held to the extent of the excess as the taking of property without due process of law. [Citations omitted.]”
See Carson v. City of Ft. Lauderdale, Fla. App.1963, 155 So.2d 620.
The Florida Supreme Court in Rafkin v. City of Miami Beach, Fla.1949, 38 So. 2d 836, 838, held that if appellants could prove their allegations that special assessments sought to be imposed upon their land were not supported by commensurate benefits then said “special assessments were made without legal authority.”
Finally, in Gulf View Apartments, Inc., et al. v. City of Venice, 1933, 108 Fla. 41, 145 So. 842, 844, the Supreme Court, again speaking through Justice Terrell, said:
“We are conscious of the rule to the effect that the doctrine of estoppel has no *272 application when an assessment is wholly void; that is to say, when the assessment is made in such a manner as to render it invalid, or when constitutional or statutory provisions essential to its validity are completely ignored. * * * ”
We find that the facts of the case sub judice bring it within the pronouncement of the above-discussed cases, and we hold that the chancellor was correct in ruling that the doctrine of estoppel was inapplicable.
The City’s other contentions have been considered and found to be without merit.
The judgment is affirmed.
ALLEN, Acting C. J., and SHANNON, J., and KING, JAMES LAWRENCE, Associate Judge, concur.

. Normally one of the necessary elements of equitable estoppel is that “some special benefit must have accrued to the owner’s property, distinct from the benefits enjoyed by the citizens generally.” McQuillin, Municipal Corporations § 38.-192, at 449 (3d ed. 1950) ; Town of Monticello v. Finlayson, 1944, 154 Fla. 274, 17 So.2d 84. The evidence presented at trial showed that appellees’ land had not been improved by the construction, instead, it had been damaged. It may be that one of the elements necessary for equitable estoppel is missing.