PER CURIAM.
On July 20, 1971, the referee in this cause filed with The Florida Bar his finding of guilt against respondent and his recommendation that respondent be suspended from the practice of law in Florida for six (6) months. On July 27, 1971, pursuant to Article XI, Rule 11.06 (9) (b) of the Integration Rule, 32 F.S.A., as revised July 1, 1969, the Executive Director of the Bar filed the record in the cause with this Court. A hearing has not been requested.
The referee’s report includes the following:
“The Respondent Max I Ossinsky is now and was a member of the Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida. On or about April 15, 1967 the said Max I. Ossinsky accepted employment as attorney for Sidney J. Dawson to represent Dawson in the County Judge’s Court of Volusia County on three charges; two counts of reckless driving and one count of fleeing or attempting to elude a police officer. Thereafter trial was set and the Respondent failed to appear or notify his client which resulted in the estreature of $400.-00 worth of bail bonds, and further resulted in the issuance of a capias for the Defendant’s arrest on bail jumping charges. Respondent learned of the es-treature in or about the month of August, 1968 and failed to notify his client concerning same. His client had left the State of Florida in 1967 with the consent and knowledge of the Respondent who had an address, by his own admission, at *527 which Dawson could be reached, or his mail forwarded. Dawson returned to Volusia County in October, 1969 and was incarcerated on the bail jumping charges. Dawson called the Respondent and requested that he come to the jail and assist him. Respondent, according to his testimony, made one phone call on Friday afternoon, the day of Dawson’s incarceration, learned nothing, and thereafter did nothing to pursue the matter, but left Dawson to work out the matter himself. Despite repeated efforts on Dawson’s part to contact the Respondent he was unable to do so, but had to work out the matter himself. He paid a fine on the original charges, paid the bondsmen the sum of $400.00, and had his car detained by the bondsmen, all of which was in addition to his being incarcerated. Even subsequent thereto the Respondent did nothing to make restitution to Dawson or to attend to the matter, claiming that his representation of Dawson was terminated by Dawson having gone to the grievance committee.
“The Referee recommends as follows: The Respondent should be found guilty of misconduct justifying disciplinary measures for violations of Rule 11.02 of Article XI of the Integration Rule and Canons 5 and 15 of the Canons of Professional Ethics of the Florida Bar as adopted by the Florida Supreme Court on December 6, 1955 and as further amended.
“It is the opinion of the Referee that the attitude of the accused attorney is such that he feels no remorse and that his client ‘got off light’, and that even though he may have been guilty of negligence in representing his client, no harm was done. The Referee feels that the accused attorney’s conduct was reprehensible in that he failed to advise his client of the choices available to him as to whether he should go to trial, allow his bonds to be estreated or make some other disposition, for as was held in the case of Florida Bar v. Swiddler [Swidler] (1965 Fla. 173 So.2d 705), when a lawyer makes mistakes that may harmfully affect his client, and he is at fault, he must act with dispatch to rectify his errors with the least inconvenience or harm to his client.
“In view of this the Referee recommends that the accused attorney, Max I. Ossinsky, be suspended from the practice of law for a period of six (6) months and that he be required to pay all of the costs in this proceeding (which are set forth hereafter). In addition thereto the Referee feels that the accused attorney should reimburse the Complainant, Sid J. Dawson, for all monies and financial loss incurred by him and should obtain from Dawson a receipt to that effect, which in turn should be furnished to the Florida Bar. It is the recommendation of the Referee that if the accused attorney fails to make such restitution and fails to pay the costs of these proceedings he should be suspended from the practice of law until such time as both have been accomplished.”
The report of the referee is approved and the recommendations are adopted. It is therefore, the order of this Court that Max I. Ossinsky, respondent herein, be suspended from the practice of law for a period of six (6) months from the filing of this opinion and thereafter until he has fully reimbursed the complainant, Sid J. Dawson, for all monies and financial loss incurred by him as a result of respondent’s misconduct and until he shall have demonstrated to this Court and to the Board of Governors of The Florida Bar that he is entitled to reinstatement. Execution is hereby directed to issue for costs against respondent in the amount of $409.54.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.