PER CURIAM.
Following our appointment of the Honorable P. B. Revels, Circuit Judge (Ret.), as Commissioner (see 271 So.2d 126) to hold an evidentiary hearing to determine if Respondent Max I. Ossinsky had practiced law in violation of this Court’s suspension order appearing in The Florida Bar v. Ossinsky, Fla.1971, 255 So.2d 526, the evidentiary hearing so ordered has been duly held by the Commissioner after due notice to Respondent, who was present and rep-presented by counsel at the 'hearing.
The Commissioner has transmitted to this Court a transcript of the evidence adduced before him, together with his report containing his findings, which report reads as follows:
“Pursuant to the direction of the Order of the Supreme Court heretofore entered *293 in this cause, the undersigned, acting as Commissioner, conducted hearings in this matter, and after considering the evidence adduced at said hearing, and the argument of counsel, it is the finding of the Commissioner that:
“(a) The Opinion and Judgment of the Supreme Court of Florida in the above matter, rendered on December 8, 1971, became final and was of full force and effect, from and after the 15th day of its rendition, as Respondent, Max I. Os-sinsky, failed to take any action under any appropriate rule, which would delay the effective date of the Judgment.
“(b) Respondent, Max I. Ossinsky, had full knowledge that he was suspended from the practice of law under the aforementioned Judgment prior to December 29, 1971, which was the date the Respondent appeared in the Felony Court of Record in and for Volusia County, Florida, in the case styled State of Florida v. Barry Lynn Phelps, Docket No. 2007.
“(c) At the time of his aforesaid appearance, he participated as an attorney in the legal proceedings then pending before the Court, representing the Defendant, Barry Lynn Phelps, and was thus engaged in the practice of law.
“(d) By such conduct, Respondent, Max I. Ossinsky, violated the judgment of the Supreme Court, and he should be found in contempt of the Judgment of the Supreme Court for practicing law while suspended.
“Based upon the foregoing, it is the recommendation of the undersigned Commissioner that Respondent, Max I. Os-sinsky, be suspended from the practice of law for a period of sixty (60) days, effective as of the date of the Judgment of the Supreme Court hereon, and that he be required to pay all costs of reporting this proceeding in the sum of $273.35.
“Dated this 2nd day of May, 1973, A.D., at Palatka, Putnam County, Florida.”
Upon receipt of the transcript of evidence and the report of the Commissioner, Respondent Max I. Ossinsky and The Florida Bar were duly notified by this Court that the Court would hear oral argument on the Commissioner’s report on June 22, 1973. Thereafter, counsel for Respondent and counsel for The Florida Bar duly waived oral argument.
The Court thereupon duly considered the transcript of evidence and the report of the Commissioner and being fully advised adopts the recommendations of the Commissioner and hereby orders that Respondent Max I. Ossinsky be and he is suspended from the practice of law for a period of sixty days effective as of the date of this order, and that he pay all costs of reporting this proceedings in the sum of $273.35.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.