MILLS, Judge.
The Walkers bring this interlocutory appeal from an order of taking, contending it was error for the trial court to hold that the condemnation resolution in the instant case was sufficient to invoke the jurisdiction of the court. We disagree and affirm.
This is an eminent domain case which was initiated by the filing of a petition in eminent domain by the Florida Gas Transmission Company. Accompanying and attached to the petition was a resolution by the Board of Directors of Florida Gas. On 15 November 1985, the Walkers filed a motion to dismiss attacking the sufficiency of the petition and the attached resolution. Thereafter, on 18 November the trial court denied the motion and entered an order of taking. This timely appeal followed.
In Tosohatchee Game Pres. v. Central Southern Florida Conservation District, 265 So.2d 681 (Fla.1972), it was held that a petition in eminent domain must be accompanied by a resolution of the governing board of the agency or body seeking to condemn the land. The resolution must detail the public purpose for which the property is sought to be acquired, Wright v. Dade County, 216 So.2d 494 (Fla. 3d DCA 1968), cert. denied, 255 So.2d 527, cert. denied, 396 U.S. 1008, 90 S.Ct. 565, 24 L.Ed.2d 500; contain a description of the property to be acquired, Section 73.021(2), Florida Statutes (1983); and contain the nature and extent of the title or easement sought to be acquired. Chalmers v. Florida Power and Light Co., 245 So.2d 285 (Fla. 1st DCA 1971).
The construction, operation, and maintenance of gas plants and distribution systems is recognized as a proper purpose for which the right of eminent domain may be exercised by a private company. Sections 180.06, 180.22, Florida Statutes (1983). Any corporation organized under the laws of this State, or by virtue of the laws of any other state, and qualified to do business in this State, for the purpose of supplying natural gas for domestic and industrial purposes, may exercise the right of eminent domain to lay pipe lines. Section 361.05, Florida Statutes (1983). Since the legislature has determined that the installation of gas pipe lines is for a public purpose, and the resolution in the instant case specified that it sought easements for a pipe line, the Walkers’ argument that the resolution only specified a private purpose is not well taken.
Regarding the second and third requirements, the petition in the instant case states that Florida Gas seeks rights-of-way over certain parcels and tracts of land described in “Schedule A.” This schedule was attached to the petition and it contains a legal description of the Walkers’ property and a delineation of the nature and extent of the easement sought to be acquired from the Walkers. Moreover, the resolu *1288 tion also contains a general description which identifies the property in question and the easement sought.
As this is a case in which the land to be condemned was sufficiently described and such land is within the territorial jurisdiction of the trial court, there can be no doubt the trial court correctly ruled that it had jurisdiction over the subject matter. City of Clearwater v. Janet Land Corporation, 343 So.2d 853 (Fla. 2d DCA 1976).
Accordingly, we affirm.
WIGGINTON and NIMMONS, JJ., concur.