857 So.2d 219 (2003)
John J. PICHOWSKI, as Successor Trustee, Tampa Interstate 75 Limited Partnership, Brandon West, L.L.C. and I-75/Palm River Road, L.L.C., Appellants,
v.
FLORIDA GAS TRANSMISSION COMPANY, Appellee.
Nos. 2D02-2688, 2D02-2836, 2D02-2893.
District Court of Appeal of Florida, Second District.
August 8, 2003.
Rehearing Denied October 10, 2003.
*220 S. Cary Gaylord and Paul D. Bain of Gaylord, Merlin, Ludovici, Diaz & Bain, Tampa, for Appellant John J. Pichowski, as Successor Trustee.
James M. Spoonhour and John T. Wettach, Jr. of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellant Tampa Interstate 75 Limited Partnership.
John N. Muratides and Darrin J. Quam of Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, for Appellants Brandon West, L.L.C. and I 75/Palm River Road, L.L.C.
David M. Corry and Brian A. Bolves of Bricklemyer, Smolker & Bolves, P.A., Tampa, for Appellee.
Gordon H. Harris, Kent L. Hipp, and Kurtis T. Bauerle of Gray, Harris & Robinson, P.A., Orlando, for Amicus Curiae Gulfstream Natural Gas System, LLC.
SILBERMAN, Judge.
This consolidated appeal is from the trial court's orders allowing appellee Florida Gas Transmission Company (FGTC) to acquire possession of and title to real property in advance of a final judgment in an eminent domain action. FGTC obtained the orders pursuant to the "quick-take" provisions of chapter 74, Florida Statutes (2001). Appellant John J. Pichowski, as successor trustee under an unrecorded trust agreement dated April 16, 1991, appeals the order of taking as to parcel RHB 111.005. Appellants Tampa Interstate 75 Limited Partnership, Brandon West L.L.C., and I 75/Palm River Road, L.L.C., challenge the order of taking as to parcels RHB 104.000 and RHB 105.000. Because FGTC is not entitled to use the quick-take provisions of chapter 74, we reverse. The appellants also challenge the trial court's conclusion that FGTC's pre-suit offer of compensation, made pursuant to section 73.015, Florida Statutes (2001), was valid. As to this issue, we affirm without discussion.
FGTC sued to condemn property to construct, operate, and maintain a natural gas pipeline facility. The appellants do not dispute FGTC's right to use the general eminent domain procedures provided for under chapter 73, Florida Statutes (2001). Instead, they challenge FGTC's use of the quick-take procedures described in chapter 74.
Section 74.011 specifies that certain entities, including public utility corporations, may use the quick-take procedures contained in section 74.021. In the trial court, FGTC claimed that it qualified as a public utility corporation and that it was entitled to use the quick-take procedures. The appellants argued that FGTC did not qualify as a public utility corporation because it is a private, out-of-state, natural gas transmission company that transports and delivers natural gas at wholesale to direct industrial customers. The trial court concluded that FGTC was authorized to acquire property under the quick-take procedures.
In reviewing the trial court's interpretation and application of Florida law, the standard of review on appeal is de novo. See Gordon v. Regier, 839 So.2d 715, 718 (Fla. 2d DCA 2003); Gilliam v. Smart, 809 So.2d 905, 907 (Fla. 1st DCA 2002). Eminent domain statutes are strictly construed against the agency asserting the power of eminent domain. Peavy Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483, 485 (1947). Moreover, strict compliance with the law is required when public utilities use the sovereign's grant of the right of eminent domain. Valleybrook Developers, Inc. v. Gulf Power Co., 272 So.2d 167, 169 (Fla. 1st DCA 1973).
*221 Although section 74.011 does not define the term "public utility corporation," other statutes provide definitions in various contexts. FGTC suggests that the various statutes support its contention that it qualifies as a public utility corporation. We disagree.
Section 366.02(1), Florida Statutes (2001), includes suppliers of gas to or for the public within Florida in its definition of "public utility," but it excludes "any natural gas transmission pipeline company making only sales or transportation delivery of natural gas at wholesale and to direct industrial consumers." FGTC does not qualify as a public utility under section 366.02(1) because it falls within the exclusion.
Section 366.82(1), Florida Statutes (2001), defines "utility" as any person or entity that provides electricity or natural gas at retail to the public. Again, FGTC does not meet this definition because it does not sell natural gas at retail to the public. Other statutes cited by FGTC, such as sections 125.42(1), 177.031(7)(b), and 876.37(3), Florida Statutes (2001), also provide definitions of the term "public utility." Those statutes do not support FGTC's position because the definitions are limited for use in specific statutory schemes that are not pertinent to eminent domain proceedings, or they do not apply based on the evidence presented as to the nature of the business conducted by FGTC.
Chapters 180 and 361, Florida Statutes (2001), authorize the exercise of eminent domain powers by certain entities for various purposes. For example, chapter 180 grants eminent domain powers to municipalities and private companies that construct or operate water works systems, sewerage systems, sewage treatment works, garbage collection and garbage disposal plants. See §§ 180.06, .22. FGTC is neither a municipality nor a qualified private company under the terms of chapter 180.
Section 361.05 allows qualified natural gas transmission pipeline companies to exercise the right of eminent domain, but it does not expressly authorize a natural gas company to use the quick-take provisions of chapter 74. See § 361.05. This contrasts with sections 361.025 and 361.08, which specifically grant to railroad companies and coal pipeline companies the power of eminent domain under chapter 73 and the right to use the quick-take procedures under chapter 74.
Strictly construing the statutory language, as we are required to do, does not permit us to adopt the expansive interpretation of section 361.05 offered by FGTC. FGTC's interpretation requires the addition of words to section 361.05 in order to give natural gas transmission companies the right to use the quick-take procedures. See Armstrong v. Edgewater, 157 So.2d 422, 425 (Fla.1963) ("When there is doubt as to the legislative intent or where speculation is necessary, then the doubts should be resolved against the power of the courts to supply missing words."). This is not a situation where the addition of words is necessary to prevent the statute from having an absurd meaning or to make it conform to obvious legislative intent. See id. Accordingly, we reject FGTC's argument concerning section 361.05.
FGTC also asserts that the title of chapter 361, "Public Utilities, Special Powers," supports its contention that FGTC is a public utility corporation that is entitled to use the quick-take procedures contained in chapter 74. Although a statute's title may be helpful to construe the statute if it is ambiguous, see Fajardo v. State, 805 So.2d 961, 963 (Fla. 2d DCA 2001), review denied, 828 So.2d 385 (Fla.2002), neither the title nor the contents of chapter 361 address *222 the availability of quick-take procedures under chapter 74 for natural gas companies. Moreover, "the rules of construction are reserved for cases in which a fair reading of the statute leaves the judiciary in genuine doubt about the correct application of the statute." Id. at 963-64. As the supreme court noted in State v. Egan, 287 So.2d 1, 4 (Fla.1973), "[S]uch rules are useful only in case of doubt and should never be used to create doubt, only to remove it."
Additionally, if we look to the title and substance of chapter 361 for guidance in determining whether FGTC is a public utility corporation within the meaning of chapter 74, we would also appropriately consider the title and substance of chapter 366. Chapter 366 is titled "Public Utilities," but as noted previously, the definition of "public utility" contained in section 366.02(1) specifically excludes natural gas transmission pipeline companies that only sell or transport natural gas at wholesale and to direct industrial consumers.
We are required to read the various statutes together in an effort to harmonize them and to give effect to their terms. See Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294, 298 (1934) (stating that courts must avoid a statutory construction that will place one statute in conflict with others covering the same general field and that when possible, in construing two statutes, courts have a duty to preserve the force of both without destroying their evident intent); Moonlit Waters Apts. Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996) (reiterating that in construing a statute, courts look first to the statute's plain meaning, and courts also apply the principle of expressio unius est exclusio alterius, that is, the mention of one thing in a statute implies the exclusion of another). After considering the parties' various arguments as to the proper interpretation of the relevant statutes, we reject FGTC's argument that the legislature intended to give entities such as FGTC the power to use the quick-take procedures contained in chapter 74.
Apart from our consideration of statutory language, we note that in Higgs v. City of Fort Pierce, 118 So.2d 582, 585 (Fla. 2d DCA 1960), this court adopted the definition of public utility that was set forth in Southern Ohio Power Co. v. Public Utilities Commission, 110 Ohio St. 246, 143 N.E. 700 (1924):
To constitute a "public utility," the devotion to public use must be of such character that the product and service is available to the public generally and indiscriminately, or there must be the acceptance by the utility of public franchises or calling to its aid the police power of the state.
See also Village of Virginia Gardens v. City of Miami Springs, 171 So.2d 199, 201 (Fla. 3d DCA 1965) (applying the same definition).
Under this definition, FGTC does not qualify as a public utility corporation because it does not supply the public with natural gas; it is not devoted to a public use; it transports natural gas to industrial customers and makes no retail sales to the public; its product and services are not available to the public generally and indiscriminately; and it has not accepted any public franchises. See also Devon Aire Villas Homeowners Ass'n No. 4, Inc. v. Americable Assocs. Ltd., 490 So.2d 60, 61 (Fla. 3d DCA 1985) (noting that a public utility is typically a creature of statute that is impressed with a public use, provides services generally considered to be essential to society, and enjoys certain powers usually reserved to the sovereign).
Finally, FGTC argues that Walker v. Florida Gas Transmission Co., 491 So.2d 1286 (Fla. 1st DCA 1986), supports its argument that it is entitled to use the *223 quick-take procedures. Walker recognizes that the installation of gas pipe lines is for a public purpose and that the right of eminent domain may be exercised by a private company for the construction, operation, and maintenance of gas plants and distribution systems. Id. at 1287. However, while Walker supports the use of eminent domain proceedings under chapter 73, it does not address the use of the quick-take procedures contained in chapter 74.
Because FGTC is not a public utility corporation entitled to use the quick-take provisions of chapter 74, the orders allowing FGTC to take possession of and title to the properties before the entry of final judgment are reversed, and we remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.