ALTENBERND, Judge.
 

 Pinnacle Floor Covering, Inc., d/b/a Castle Carpet One (Pinnacle), appeals the trial court’s order denying its motion to recover experts’ fees incurred to litigate its business damage claim against the Department of Transportation (DOT) in connection with eminent domain proceedings between the parties. Pinnacle argues that the trial court improperly relied on the Fifth District’s opinion in
 
 Department of Transportation v. Jack’s Quick Cash, Inc.,
 
 748 So.2d 1049 (Fla. 5th DCA 1999), to conclude that a defendant in an eminent domain proceeding is not entitled to recover the costs of expert witnesses in support of a business damage claim under section 73.091, Florida Statutes (2004), unless the defendant actually recovers business damages. We disagree and affirm the trial court’s order.
 

 The facts in this case are not complex. The DOT initiated an eminent domain proceeding against Pinnacle that sought a taking of property on which the defendant operated a business. Pinnacle’s building on this property burned down prior to the taking, but after the Department’s appraiser inspected it for the Department’s acquisition appraisal. Pinnacle accepted the DOT’S settlement offer as to the value of the real estate but made a claim for statutory business damages. It argued that, but for the threat of condemnation, it would have rebuilt the building after the fire and would have continued indefinitely to operate its business on the property.
 

 At the conclusion of the trial on Pinnacle’s business damages claim, the jury found that Pinnacle’s business was not damaged or destroyed by the threat of condemnation. Accordingly, it did not award any damages. After trial, Pinnacle moved to recover the experts’ fees incurred in litigating the claim. The experts included an appraiser, a contractor, an engineer, and an accountant. Pinnacle argued that it was entitled to recover reasonable experts’ fees incurred in litigating the business damages claim even though it did not recover any money from the jury.
 

 The issue at the hearing and on appeal involves the interpretation of section 73.091(1), which states:
 

 The petitioner shall pay attorney’s fees as provided in s. 73.092 as well as all reasonable costs incurred in the defense of the proceedings in the circuit court, including, but not limited to, reasonable appraisal fees and,
 
 ivhen business damages are compensable, a reasonable accountant’s fee,
 
 to be assessed by that court. No prejudgment interest shall be paid on costs or attorney’s fees.
 

 (Emphasis added).
 

 Pinnacle argued that “all reasonable costs” is a broad grant of costs in favor of the defendant in such cases and that “including, but not limited to” is not a limitation that prevents an award of experts’ fees if the fees are reasonable and necessary under the circumstances. It further argued that “compensable” does not mean
 
 *921
 
 “compensated” and does not require that it recover an award, but only that it present evidence sufficient to permit the jury to decide that compensation should be provided. The trial court, while expressing some support for Pinnacle’s position, correctly obeyed the holding in
 
 Jack’s Quick Cash,
 
 concluding that our earlier holding in
 
 Hodges v. Department of Transportation,
 
 323 So.2d 275 (Fla. 2d DCA 1975), which was issued prior to amendments to the statute, did not allow a more favorable ruling.
 

 On appeal, the parties have basically repeated the arguments that they made to the lower court. Because this case involves a construction of a state statute, we review the trial court’s decision de novo.
 
 Pichowski v. Fla. Gas Transmission Co.,
 
 857 So.2d 219, 220 (Fla. 2d DCA 2003).
 

 As the Fifth District pointed out in
 
 Jack’s Quick Cash,
 
 an award of business damages in an eminent domain proceeding is not a constitutional right. Business damages are merely a remedy authorized by statute.
 
 [1]
 
 The statute must be strictly construed in favor of the state. 748 So.2d at 1052. Although section 73.091 could be better drafted, strictly construed, it establishes a condition precedent to the award of experts’ fees
 
 [2]
 
 in a business damages claim. The condition precedent is satisfied when “business damages are compensa-ble.” § 73.091(1). The trial court can enter a judgment compensating a defendant for business damages only when the jury returns a verdict authorizing that judgment. When the jury determines that a defendant has not incurred business damages, the court cannot enter a judgment for any damages and nothing is “compen-sable” from the state agency involved in the taking. In that case, the defendant is not entitled to an award of costs.
 

 Pinnacle attempts to distinguish
 
 Jack’s Quick Cash
 
 because in that case the trial court concluded that the defendant failed to meet the five-year requirement for establishing business damages.
 
 See
 
 § 73.071(3)(b). It argues that, unlike the defendant in
 
 Jack’s Quick Cash,
 
 it met the statutory requirements of section 73.071(3)(b) and was “eligible” to claim business damages. However, this argument ignores the fact that the jury expressly found that the threat of condemnation did not damage or destroy its business. Although Pinnacle presented a prima facie case that created a jury question of whether it was entitled to business damages, the jury ultimately answered that question in the negative. We conclude that proof sufficient to create a jury question is not enough to make the damages “compensable” for purposes of this statute. Accordingly, Pinnacle is not entitled to recover the experts’ fees associated with its claim.
 

 Affirmed.
 

 LaROSE, J„ and DAKAN, STEPHEN L., Associate Senior Judge, Concur.
 

 [1]
 

 . For a recent discussion of the nature of business damages claims, see
 
 System Components Corp. v. Florida Department of Transportation,
 
 14 So.3d 967 (Fla.2009).
 

 [2]
 

 . The express language of section 73.091 appears to require the condemning authority to pay only for "a reasonable accountant's fee” on business damages claims. In light of our decision today, we do not reach the issue of whether costs for other expert fees would be awarded in a case involving only business damages.
 
 Cf. Garber v. State, Dep’t of Transp.,
 
 687 So.2d 2 (Fla. 1st DCA 1996) (allowing multiple experts in a case involving valuation of the real estate).